CHARLES M. TIBBETTS et als. *vs.* WILLIAM G. TIBBETTS.

Lincoln.    Opinion March 13, 1915.

*Beneficiaries.    Codicil.    Exceptions.    Fee.    Home.    Intention.    Issue.    Life
        Estate.    Partition.    Petition.    Title.    Trust.    Will.*

This is a petition for partition.  Upon hearing the presiding Justice ruled as
    matter of law that under the provisions of the will of Charles P. Tibbetts,
    ancestor of the petitioners and from whom they derived their title, the court
    could not grant the prayer of the petition and ordered said petition dismissed;
    to which ruling and the dismissal of said petition, the plaintiffs seasonably
    excepted.

*Held:*

First.    That testator's daughter Bessie T. Thorp took a contingent interest under
    the will, which she might waive by joining in the petition for partition.

Second.    That there is no apparent reason why the trust created under the codicil
    should interpose any objection to partition, the petition therefor being signed
    by both the beneficiaries and the trustee representing their interests in the
    estate.

On exceptions by plaintiff.    Exceptions sustained.

This is a petition for partition, made returnable at the October
term of Supreme Judicial Court in Lincoln County, at which term
the defendant filed a brief statement and the plaintiffs filed a counter
brief statement.    Upon hearing, the presiding Justice ruled as matter
of law that under the will of Charles P. Tibbetts, ancestor of the
petitioners and from whom they derived their title, the court could
not grant the prayer of the petition, and ordered said petition dis-
missed.    To this ruling and the dismissal of said petition, the plain-
tiffs excepted.

The case is stated in the opinion.

*A. S. Littlefield,* for plaintiffs.

*W. M. Hilton,* for defendant.

SITTING: SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

SPEAR, J. The exceptions state the case as follows:

This is a petition for partition, duly served and made returnable at the October term in Lincoln County, at which term the defendant filed a brief statement and the plaintiffs, a counter brief statement.

Upon hearing the presiding Justice ruled as matter of law that under the provisions of the will of Charles P. Tibbetts, ancestor of the petitioners and from whom they derived their title, the court could not grant the prayer of the petition and ordered said petition dismissed; to which ruling and the dismissal of said petition the plaintiffs seasonably excepted, and now present this their bill of exceptions, and pray that the same may be allowed; the petition, brief statement, counter brief statement and will of Charles P. Tibbetts being made part of these exceptions. The will of Charles P. Tibbetts, from whom all the parties to the petition derive their title, is as follows so far as pertinent to the issue here raised: "I give, bequeath and devise, unto my beloved wife, Sarah M. Tibbetts, all of my said estate, real, personal and mixed, of whatsoever nature, and wheresoever situated, to her, during the term of her natural life, to use and control, for her benefit, with the power to dispose of the whole or a portion, should it be necessary, for her comfort and support, or should the interests of all concerned, render it advisable; and at her decease, I give, devise and bequeath, all that may remain of my said estate, to my said children, or their representatives, equally, subject however, to the following provision; should my daughter, Bessie T. Thorp, from any untoward event, by the death of her husband, or from financial distress, be left without a home, I order and direct, that so long as she may live, and need a home, or desire it, either during the tenure of my said wife, or after her decease, my said daughter shall have a home, on my said estate and in my said house."

This will was made November 28, 1903. On February 2, he made a codicil as follows: "To those of my children who have no issue, at the time of my said wife's decease, a portion of my said estate, devised and bequeathed to them, shall be held in trust for them and managed for their benefit, by a Trustee, to be appointed by the Probate Court; and in case of the death of either of my said children, without issue their share shall be divided equally between my other children but should issue be born to either of my said children, whose portions are

held in trust, then the trust shall terminate, so far as they are concerned, and they come into possession of their share; I hereby ratify and confirm all of said will, not inconsistent with the provisions as above changed."

An interpretation of the will is not involved. Its language is clear and susceptible to but one meaning. By his will proper he gave a life estate to his wife with the right of disposal of the whole or any portion of it, and the remainder, if any was left, he divided equally among his four children or their representatives. But both the estate of his wife and the estate of the remainder was subject, upon the happening of certain contingencies, to the right of his daughter Bessie to have a home on the estate and in the house.

The codicil, as the language clearly shows, creates a trust estate to those of his children who had no issue at the time of his wife's decease, to be enlarged into a fee simple estate upon having issue. The children affected were Bessie T. Thorp and Walter W. Tibbetts. Upon death without issue, the trust estate was to be divided between his surviving children. Albert Thorp was appointed Trustee, under the will, of one undivided fourth for Bessie T. Thorp and of one undivided fourth for Walter W. Tibbetts, or of one-half the whole estate. Charles M. Tibbetts, owner in fee of one-fourth, Albert T. Thorp, Trustee for one-half, and Bessie T. Thorp and Walter W. Tibbetts, beneficiaries under the trust in one-half of this estate, joined in the petition against Wm. G. Tibbetts requesting that their interests may be set out to them in common.

It is the legal, if not the natural right, of parties owning real estate in common, to have their interests set off in severalty, unless some present or contingent right in the enjoyment of the estate, as a whole, intervenes to prevent it. There are no present interests which could be interposed to a partition of this estate. The contingent interests are of such a character that they may never become vested. The interest of Bessie T. Thorp, as shown by the language of the will, depends upon conditions that may never arise. The trust estate may be terminated by the birth of children to the beneficiaries. But the will of the testator cannot be thwarted by assuming that the very things he provided against may not come to pass. The will was not intended to be affected, either by the provision for Mrs. Thorp or for the termination of the trust, until the things provided for should happen.

Therefore, the first consideration is whether the provision of the will, to have a home on the estate and in the house of the testator, would be interfered with by partition when the contingencies might happen which would authorize Mrs. Thorp to avail herself of the provision. This may depend upon the intention of the testator, as determined from the language of his will and the circumstances anticipated, when the contingency might happen for which he provided. The language of the provision in favor of his daughter is very significant. In order that its import may be fully seen, we repeat it. "Should my said daughter, Bessie T. Thorp, from any untoward event, by the death of her husband, or from financial distress be left without a home, I order and direct that so long as she may live, and need a home, or desire it, either during the tenure of my said wife, or after her death, my said daughter shall have a home, on my said estate, and in my said house." This language, and the circumstances and conditions contemplated by the use of it, must be construed upon the assumption that the contingencies, or one of them, has happened and the daughter on that account is in need of a home. What kind of a home? But a right to stay in the house? Merely a place of shelter; a room to occupy perhaps with some strange tenant? We do not think so. We cannot avoid the conclusion that the testator intended by the use of this language and in contemplation of his daughter's possible distress that she should have upon that homestead both a home in his house and sustenance from the profits of the farm. The language of his will is peremptory with reference to the provisions for his daughter. "I order and direct." It contemplates that she may be suffering from "financial distress," a circumstance for which, when it may happen, he undertakes to provide. But a mere shelter for his daughter under such a misfortune would be but a mockery. The language of the provision negatives such an interpretation. It provides that she shall have a home, even during the tenure of his wife, in case of distress, and clearly implies that she should also have a maintenance even while his wife was living. But after her death the provision is made strong and does not depend upon the interpretation of the word "home" in the light of the circumstances. He goes much further and in express language reveals his intention wherein he says she shall not only have a home in his house, but "on my said estate." This language would become nugatory, in contemplation

of the testator's desire to provide for the anticipated want of his daughter, if her only right under the language of this will was to occupy a room in this house.

The law does not require such a construction.  *Emery* v. *Swasey,* 97 Maine, 136; *Denfield, Petitioner,* 165 Mass., 265; *Lyon* v. *Lyon,* 65 N. Y., 339.  While the daughter had the undoubted privilege, if the contingency happened which authorized its exercise, to a home upon the farm, such privilege by the terms of the will constituted, in the first instance, but a contingent interest, and charge upon the estate, of which Mrs. Thorp might avail herself or not, as she saw fit. Her interest in the estate was simply a right which she might or might not exercise.  The will did not impose upon the owner of the land any duty to her, nor was the estate in any way put under any obligation, except upon the exercise of her choice.  We are, accordingly, of the opinion that she could waive her contingent interest in the homestead, not only by omitting to avail herself of the privilege of living upon it upon the happening of the contingency which would enable her to do so, but can waive it now with equal effect.  We are unable to discover any legal reason why this is not a right in futuro which she can as well relinquish now as when the right may accrue. Assuming that she can waive her interest, is her joiner in the petition for partition to have her present legal interest set off in common with the other petitioners a method which will accomplish waiver on her part and protect the party who does not join in the petition?  That this can be done seems almost too obvious for argument.  Partition can prevail only when legal interests are concerned.  By her petition she asks that the non-petitioner's legal interest may be set off. She makes no reservation of any future right.  She must, therefore, by her petition, be held to have waived such right and to be estopped in any future attempt to enforce it.  Therefore, we are of the opinion that this contingent right interposes no objection to a portion of the estate.

Another provision of the will creates a trust in the portion of the estate to which Bessie T. Thorp and Walter W. Tibbetts are entitled, represented at the present time by Albert T. Thorp, as trustee, who joins in the petition with them for partition. . The interest of each of these beneficiaries is a life estate in trust, which may be defeated by the birth of issue; but in case of death of either without issue, their share is to be divided equally between the other children.

There is no apparent reason why this trust should interpose any objection to partition. The trustee will still represent the interests of the beneficiaries and the non-petitioner will receive his share in severalty, and Charles M. Tibbetts will hold his share, in common, with the interests of Walter W. Tibbetts and Bessie T. Thorp, represented by the trustee. If issue be born, the contingency upon which the trust estate is to be terminated, the trust will terminate and the trust interests will become absolute in the beneficiaries. Instead of a life estate they will then hold a fee simple estate, in common with Charles M. Tibbetts. If the contingency does not happen, then upon the death of the beneficiaries under the trust, their interests would at once vest in the survivors, and Charles M. Tibbetts and William G. Tibbetts would each take in common the interests of the deceased beneficiaries. If one beneficiary should survive the other, he would take, in common with Charles M. and William G, in the estate of the deceased beneficiary, a life estate, if without issue, or fee simple if having issue.

It therefore does not appear that the trust estates, created under the provisions of the will, interpose any valid objection to partition.

*Exceptions sustained.*