GLENDENING v. FEDERAL LAND BANK OF LOUISVILLE.

[No. 16,880. Filed October 20, 1942.]

158

Eichhorn, Gordon & Edris, of Bluffton, for appellant.

William C. Goodwyn, J. F. Williamson, and John S. Grimes, all of Louisville, Kentucky, and Henry B. Heller, of Decatur, for appellee.

CURTIS, J.—This is a companion case to the case of Rachel Glendening v. The Federal Land Bank of Louisville, cause number 16,882, post, p. 162, decided by this court on the 20th day of October, 1942. The appellee's complaint herein was for ejectment and damages for alleged wrongful possession of the real estate involved. The correct decision in the instant case likewise depends upon the proper construction of the reservation contained in the deed from Rachel Glendening, the mother, to her son, Robert W. Glendening, appellant herein, who afterwards mortgaged the real estate involved to the appellee, said reservation being the reservation set out in said cause number 16, 882. We set it out herein, as follows:

"The grantor reserves the right to live in and occupy the dwelling house on said premises as long as she sees fit, and as a part of the consideration herein, the grantee agrees to furnish the grantor herein a home on said premises so long as she may desire."

The court in the instant case was requested to make a special finding of facts and state its conclusions of law thereon, which it accordingly did. To each of said

conclusions of law the appellant excepted and has assigned as error herein that each of them is erroneous. We now quote conclusion of law number 4, as follows:

"4. The plaintiff, The Federal Land Bank of Louisville, is entitled to possession of all of the premises save and except the right of Rachel Glendening to live in and occupy as a home the dwelling house on the premises during her lifetime at all times since the 31st day of December, 1933."

Under the holding in said cause number 16,882, Rachel Glendening was entitled not only to live in and occupy the dwelling house on said premises as long as she sees fit, but she was also entitled as a part of the consideration stated in said deed to have the grantee, Robert W. Glendening, her son, furnish her a home on said premises as long as she may desire. In order to carry out the provisions of the deed, Robert W. Glendening, her son, would be entitled to such possession and use of the real estate described in the complaint as would enable him reasonably to carry out his obligations to his mother created in the said deed from her to him. The appellee herein took the title to said real estate with full knowledge of the said provisions contained in said deed. Upon the authority of said cause number 16,882, above mentioned, we hold that conclusion of law number 4 set out herein is erroneous. The same error of law also occurred in several of the other conclusions of law. The trial court is ordered to set aside its judgment herein. Inasmuch as it appears that erroneous elements of damage also entered into the finding and judgment, it is our opinion that a new trial should be granted. It is so ordered.

Judgment reversed.

DeVoss, J., not participating.

Note.—Reported in 44 N. E. (2d) 255.