GLENDENING *v.* FEDERAL LAND BANK OF LOUISVILLE
ET AL.

[No. 16,882.   Filed October 20, 1942.]

*Eichhorn, Gordon & Edris,* of Bluffton, for appellant.

*William ·C. Goodwyn, J. F. Williamson,* and *John S. Grimes,* all of Louisville, Kentucky, and *Henry B. Heller,* of Decatur, for appellees.

CURTIS, J.—The appellant, Rachel Glendening, commenced this action in the trial court to enjoin the sheriff of Adams County and the appellee, The Federal Land Bank of Louisville, at whose instance it was issued, from executing a writ of seizure issued from that court in an ejectment suit commenced by the appellee, The Federal Land Bank of Louisville, against Robert W. Glendening alone. The appellant was in possession of said real estate. She had owned an undivided one-third of it and a life estate in an additional eight-fifteenths of it, and had conveyed all of her interest to the said Robert W. Glendening, who was her son. The deed to him contained the following provision:

> "The grantor reserves the right to live in and occupy the dwelling house on said premises as long as she sees fit, and as a part of the consideration herein, the grantee agree to furnish the grantor herein a home on said premises so long as she may desire."

Later, the said Robert W. Glendening acquired the remainder interest in said real estate and mortgaged it to the appellee The Federal Land Bank of Louisville. The appellant did not join in that mortgage, and she was not made a party to the foreclosure proceedings on

said mortgage. The claim of The Federal Land Bank of Louisville to the right of possession is based on a sheriff's deed resulting from the foreclosure of said mortgage and the purchase by it of said real estate at the sheriff's sale thereunder. The appellant bases her right to retain possession of said real estate upon the reservation and covenant in the deed which we have above set out and which of course is shown in the chain of title of the appellee.

The complaint was in one paragraph seeking injunctive relief against eviction. To this complaint The Federal Land Bank of Louisville filed an answer in two paragraphs, the first in effect being a general denial, and the second questioned the appellant's right to injunctive relief. The appellant filed a reply in general denial to the said second paragraph of answer.

The case was tried by the court without the intervention of a jury resulting in a finding for the appellee Land Bank and against the appellant. The finding in effect was that the temporary restraining order theretofore issued in this cause was wrongful, and that the appellant was not entitled to a temporary injunction or a permanent injunction and that the said Land Bank was entitled to the possession of the said real estate "save and except the right of Rachel Glendening to live in and occupy the dwelling house now situate on said premises during her lifetime." The further finding was that the appellant take nothing as against said sheriff, and that the costs of said proceedings should be taxed against the appellant.

In due time, the appellant filed her motion for new trial alleging therein that the decision of the court is not sustained by sufficient evidence and is contrary to law, which motion was by the court overruled with an exception to the appellant. The appellant then filed a

motion to modify the judgment, which was likewise overruled with an exception.

The errors relied upon for reversal are alleged error in overruling the appellant's motion for new trial and alleged error in overruling the appellant's said motion to modify said judgment.

The controlling facts in this case are not in dispute. They are substantially as follows: The appellant's husband died intestate, seized of the real estate in controversy. He left surviving him the appellant as his widow and five children, one of whom was a minor. Immediately after the father's death, all of the adult children with their respective consorts, conveyed to their said mother, the appellant, their respective interests in said real estate so long as she remained the widow of her deceased husband. The appellant has never remarried and is 75 years of age, and has lived upon the premises in question for more than fifty years excepting a period of two years in 1915 and 1916. The appellant conveyed her interest in said real estate on December 28, 1917, to her son, Robert W. Glendening, which deed of conveyance contained the reservation heretofore set out. This deed was accepted by the son, and was duly recorded January 1, 1918. The appellant, with her son, who is unmarried, and an unmarried daughter, has since said time lived upon the said premises in said dwelling house, and has had her maintenance from said premises. After the said foreclosure proceedings and sale thereunder, to wit, on September 28, 1936, The Federal Land Bank of Louisville commenced its action in ejectment in the Adams Circuit Court against Robert W. Glendening, as sole defendant, and filed its affidavit for immediate possession, and caused a writ of seizure to be issued to the sheriff of Adams County. The defendant in said action did not file a bond within

five days, and the appellee Land Bank filed its bond as provided by statute. This writ of seizure so issued to the sheriff of Adams County, and about to be served by him, caused the appellant to commence the instant suit. The appellant owned the furniture and equipment in the home and the farming equipment and stock upon the said premises, and was in possession of the farm as her home.

Upon those facts, it is the appellant's contention that she was entitled to the injunctive relief which she prayed for in her complaint.

The controlling question in the case is the proper construction to be placed upon said reservation in said deed, which we again set forth as follows:

"Grantor reserves the right to live in and occupy the dwelling house on said premises as long as she sees fit, AND AS A PART OF THE CONSIDERATION HEREIN THE GRANTEE AGREES TO FURNISH THE GRANTOR HEREIN A HOME ON SAID PREMISES SO LONG AS SHE MAY DESIRE." (Our emphasis.)

It is especially the proper construction to be placed upon said capitalized words in said reservation that is the important and controlling factor in this case. The contention of the appellant is that the said reservation entitled the appellant to more than the mere right to live in the dwelling house on said premises. The trial court took the view that the appellant's only right was to live in said dwelling house during her lifetime.

We now quote from the finding of the court as follows:

". . . and the Court further finds that the defendant, The Federal Land Bank of Louisville, has been continuously since the 9th day of January, 1934, and now is entitled to possession of all of said real estate, save and except the right of

the plaintiff, Rachel Glendening, to live in and occupy the dwelling house now situated on said premises during her lifetime; and that the defendant, The Federal Land Bank of Louisville, is the owner of the unencumbered fee simple title to said real estate subject to said right of the plaintiff, Rachel Glendening;"

The court further found that the temporary restraining order that had theretofore been issued in the case was wrongful and should be dissolved, and that the appellant was not entitled to either a temporary or permanent injunction against the defendants in the case. The judgment followed the finding. That part of the judgment which the appellant particularly assails is that the Federal Land Bank of Louisville is entitled to the possession of said real estate "save and except the right of Rachel Glendening to live in and occupy the dwelling house now situated on said premises during her lifetime."

Under the motion for new trial the appellant relies upon two causes therein, to wit, that the decision of the court is not sustained by sufficient evidence, and that the decision of the court is contrary to law. These two grounds are sufficient to present the question as to whether or not the trial court properly construed the reservation in said deed, which we have heretofore set forth.

We agree with the appellant that the agreement of the son, who was the grantee in said deed executed by the appellant, to furnish his mother, the grantor, a home on the premises so long as she might desire such home, which was specifically designated as a part of the consideration for the conveyance, meant much more than merely to live in the dwelling house. It is true that there was reserved the right to live in the dwelling house, but it is equally true that

at least a part of the consideration for the deed was the son's agreement to furnish his mother a home on the premises, which was something much more than the mere right to live in the dwelling house. We also agree with the appellant that the agreement contained in the clause referred to constituted a covenant running with the land, and that it was binding on the grantee therein and upon all subsequent holders of the title including the appellee. See *Federal Land Bank of Louisville* v. *Luckenbill* (1938), 213 Ind. 616, 13 N. E. (2d) 531, and the cases therein cited. See also *Henry* v. *Knight* (1921), 74 Ind. App. 562, 122 N. E. 675; *Gregory* v. *Arms* (1911), 48 Ind. App. 562, 96 N. E. 196; *Larrance* v. *Lewis* (1912), 51 Ind. App. 1, 98 N. E. 892; *Oglebay* v. *Todd* (1906), 166 Ind. 250, 76 N. E. 238. The provision in said deed which we have heretofore set out not only reserves to the grantor the right to live in and occupy the dwelling house on said premises as long as she sees fit, but as a part consideration the grantee therein agreed to furnish the grantor a home on said premises so long as she may desire. This we think meant something more than a mere place to live. Similar provisions have been before the courts of other states and we cite with approval the following cases: *In re Burr's Estate* (1913), 144 N. Y. S. 926. In that case the court construed a provision in the will for a home on the homestead to mean something more than simply the right to abide thereon, that is, to have a shelter at the homestead, and further said: "It included the right of maintenance, board, clothing, and if necessary medical attendance." The court said that the intention of the testator should be ascertained, and that the court could inquire into the conditions existing at the time the will was executed. We think that rule is

equally applicable in the instant case, and that when it was shown that the grantor had lived upon these particular premises as her home for approximately 50 years and had been supported by said premises, and that she owned the farming utensils and equipment used on the farm, and that she and her said son had both construed the provision in the deed to mean that she was entitled to more than a mere place to live in the house on said premises, that these matters should all be taken into account. When all of these facts and circumstances are considered, we think one must inevitably come to the conclusion that the trial court placed too narrow a construction upon the reservation contained in said deed. The narrow construction placed upon said reservation in said deed by the trial court amounts to an error of law which renders the decision of the court contrary to law. It is also not sustained by sufficient evidence. The motion for new trial should have been sustained. See also *Tibbetts* v. *Tibbetts* (1915), 113 Me. 201, 93 A. 178; *Denfield, Petitioner* (1892), 156 Mass. 265, 30 N. E. 1018; *Day* v. *Towns* (1911), 76 N. H. 200, 81 A. 405.

Since the facts in the case appear not to be converted, we do not deem it necessary to order a new trial of the case. The judgment is reversed, and the trial court is ordered to vacate its judgment and to render a judgment enjoining the appellees and each of them from interfering with the right of the appellant to live in and occupy the dwelling house on said premises, and from interfering with her right to maintenance, board, clothing, and all necessary medical attendance during her lifetime as a lien on said premises superior to the mortgage lien and judgment thereon of the appellee, The Federal Land Bank of Louisville,

and for further proceedings not inconsistent with this opinion.

Judgment reversed.

DeVoss, J., not participating.

Note.—Reported in 44 N. E. (2d) 251.