GLENDENING v. FEDERAL LAND BANK OF LOUISVILLE.

[No. 16,881.   Filed October 20, 1942.]

*Eichhorn, Gordon & Edris,* of Bluffton, for appellant.

*William C. Goodwyn, J. F. Williamson,* and *John S. Grimes,* all of Louisville, Kentucky, and *Henry B. Heller,* of Decatur, for appellee.

CURTIS, J.—This is a companion case to the case of *Rachel Glendening* v. *The Federal Land Bank of Louisville,* cause number 16,882, *post,* p. 162, decided by this court on the 20th day of October, 1942.   The appellee's complaint herein consisted of two paragraphs, the first being to quiet title and the second relying upon the theory of the right of subrogation.   The correct decision in the instant case likewise depends upon the proper construction of the reservation contained in the deed from the appellant to her son, who afterwards mort-

gaged the real estate involved to the appellee, said reservation being the reservation set out in cause number 16,882. We set it out herein, as follows:

"The grantor reserves the right to live in and occupy the dwelling house on said premises as long as she sees fit, and as a part of the consideration herein, the grantee agrees to furnish the grantor herein a home on said premises so long as she may desire."

The court in the instant case was requested to make a special finding of facts and state its conclusions of law thereon, which it accordingly did. To each of said conclusions of law the appellant excepted and has assigned as error herein, that each of them is erroneous. We now quote conclusion of law number 6, as follows:

"Therefore, The Federal Land Bank of Louisville, plaintiff, is now the owner of the entire fee simple interest in and to the hereinbefore described real estate subject to the right of Rachel Glendening to live in and occupy as a home the dwelling house on the premises during her lifetime."

Upon the authority of cause number 16,882, above mentioned, we hold that conclusion of law number 6, above set out, is erroneous. The same error of law also occurred in several of the other conclusions of law.

The trial court is ordered to set aside its judgment herein and to restate its conclusions of law in accordance with the construction placed upon said reservation in said deed by this court in the said cause number 16,882, and to render judgment accordingly.

Judgment reversed.

DeVoss, J., not participating.

Note.—Reported in 44 N. E. (2d) 256.