FEDERAL LAND BANK OF LOUISVILLE *v.* GLENDENING

[No. 28,117.  Filed October 22, 1945.  Rehearing Denied November 15, 1945.]

*William C. Goodwyn, Theo. W. Bates* and *Harold L. Coovel,* all of Louisville, Kentucky, and *James J. Moran,* of Portland, for appellant.

*Gordon, Edris & Thompson,* of Bluffton, and *Robert L. Smith,* of Portland, for appellees.

YOUNG, J.—Appellant filed separate but identical complaints against each appellee and asked that each appellee be enjoined from entering upon 155 acres of land, excepting the dwelling house thereon and the established ingress and egress to said dwelling house, and from interfering with appellant or its tenant in harvesting and marketing crops produced upon said farm. The court found against the appellant in each case and rendered judgment for the appellees from which these appeals are taken.

William Glendening owned the farm in question in

fee simple and at his death, intestate, on April 1, 1915, the farm was inherited by his surviving wife, Rachel Glendening, appellee in one of the cases before us, and five children, one of whom was a minor. Soon after the father's death the adult children conveyed to their mother, Rachel Glendening, their respective interests in said real estate for so long as she remained the widow of her deceased husband. On December 28, 1917, the widow conveyed to her son, Robert W. Glendening, appellee in one of the cases before us, by quit claim deed, the undivided 5/15ths interest of said farm which she inherited from her husband, and her rights in the undivided 8/15ths interest which she had acquired from her adult children. In the deed to her son, conveying all of her interest in said farm, she made the following reservation:

> "Grantor reserves the right to live in and occupy the dwelling house on said premises so long as she sees fit and as a part of the consideration herein grantee agrees to furnish the grantor herein a home on said premises so long as she may desire."

In February, 1922, the undivided 2/15ths interest in said land of the minor child was conveyed by guardian to said Robert W. Glendening. In this conveyance there was no reservation and as to the 2/15ths interest so conveyed Rachel Glendening does not have and never had any title or right.

Thereafter Robert W. Glendening mortgaged the farm to appellant without reservation and without reference to the reservation contained in the deed from his mother to him. In 1932 the mortgage was fore-closed without Rachel Glendening being a party, and in due time appellant received deed from the sheriff.

Since that time there has been much litigation among the parties relative to their respective rights in and

to the farm. *Glendening* v. *Fed. Land Bank of Louisville* (1942), 112 Ind. App. 157, 44 N. E. (2d) 255; *Glendening* v. *Fed. Land Bank of Louisville* (1942), 112 Ind. App. 160, 44 N. E. (2d) 256; *Glendening v. Fed. Land Bank of Louisville* (1942), 112 Ind. App. 162, 44 N. E. (2d) 251. The question before us concerns the rights of the appellees under the reservation in the deed from Rachel Glendening to Robert W. Glendening in the light of the law made in these earlier appeals to the Appellate Court of Indiana.

These cases held that the undertaking of the son to furnish his mother a home on the premises meant more than merely to live in the dwelling house; that the son's undertaking included maintenance, board, clothing and medical attendance for his mother, and that Robert W. Glendening was "entitled to such possession and use of the real estate described in the complaint as would enable him reasonably to carry out his obligations to his mother."

No attempt was made to transfer any of these three cases to this court and they, rightly or wrongly, have established the law which shall guide us in a determination of the cases now before us.

In the cases now before us the court was asked to enjoin Rachel Glendening and Robert W. Glendening from entering upon said farm or interfering with the operation thereof by appellant. It having been established in the earlier cases that appellees had the right of possession during the widowhood of Rachel Glendening, and the trial court, and this court being bound by the law made by the Appellate Court in the earlier cases, it follows that the trial court properly denied the injunction prayed for.

Appellant contends that even though it may not be entitled to the injunction prayed for it does have a right

to an accounting under the general prayer of its complaint "for all other proper relief," and it refers to the numerous cases which hold that when a court of equity once assumes jurisdiction of a cause it will retain such jurisdiction for all purposes and decide all questions arising in the cause. But in the case before us the trial court did not grant the principal relief asked for. Before jurisdiction may be said to be assumed within the rule contended for by appellant, it must have been exercised and the principal relief prayed for, or some substantial part thereof, must have been granted. In 1 C. J. S., page 658, § 22b, it is said:

"Where an accounting is necessary to give complete relief in a suit of which a court of equity takes jurisdiction on some ground other than the accounting, the court will generally decree an accounting and settle the whole controversy, . . . but if the right to the main relief is not established, the court will not retain jurisdiction for the purpose of an accounting . . ."

In 30 C. J. S., at page 419, in connection with the statement that a court of equity which has obtained jurisdiction of a controversy on any ground or for any purpose will retain jurisdiction for the purpose of administering complete relief, it is said that before the rule can be applied, some grounds of equitable jurisdiction must first be asserted and *established*.

In *Haas* v. *Holder, Trustee* (1940), 218 Ind. 263, 271, 32 N. E. (2d) 590, in discussing the rule that when a court of chancery has once acquired jurisdiction of a cause it may give complete relief, it was said:

"Thus, it has been held that in an action for specific performance, the court may, *in addition* to decreeing specific performance, award such legal damages as have resulted from delay in the performance of the contract." (Our italics.)

The words "in addition" connote that the subsidiary relief will not be granted unless the right to principal relief has been established and granted.

In the cases before us the complaints contained the conventional allegations for injunction and none of the allegations ordinarily found in complaints for accounting. The cases were tried as injunction suits and the accounting idea was apparently an afterthought. The principal relief by injunction was not granted and therefore the additional relief of accounting, even if within the general prayer, is not proper in these cases.

Even though it seems clear to us that under the law of these cases as established in earlier cases, appellant is not entitled to possession and had no right to the injunction prayed for, it is equally clear that it does have rights which should be protected. An undivided 2/15ths interest of the farm belongs to appellant without any reservations whatsoever and free from all rights of either appellee. Appellee's rights to the remaining 13/15ths interest is limited to the needs of Rachel Glendening for maintenance, board, clothing and medical attention. It does not appear in the record, but it was stated by both parties in oral argument, that a suit for an accounting is now pending, and we would not foreclose appellant's right in that suit, or in any other appropriate action, to have determined what it is entitled to as the owner without reservation of the undivided 2/15ths interest of said farm and as the owner of the remaining 13/15ths interest thereof subject to Rachel Glendening's rights under the reservation in the deed from her to her son.

The judgment of the court should be affirmed in each

case, without prejudice, however, to appellant's rights to an accounting in a proper action, and it is so ordered.

NOTE.—Reported in 63 N. E. (2d) 143.