RULO v. THE STATE.

When a prisoner is on trial for murder, and one of the jurors becomes sick, and asks to be discharged, and the prisoner refuses to consent to such discharge, and the Court, without any sworn statement from the juror, as to his condition, or any evidence of any physician on the subject, discharges the jury, such discharge will be a bar to a re-trial of the prisoner.

APPEAL from the *Allen* Circuit Court.

*Per Curiam.*—On Tuesday afternoon of the week, and after the cause had been given to the jury, in this case, which was a trial for murder, one of the jurors informed the Court as follows, viz: "that one of his teeth had been broken off some twelve days previous to that time, and that it gave him much pain; that he had taken the neuralgia in his face; that it was much swollen; that he had been under medical treatment therefor, but, in consequence of his being confined on the jury, he had not slept three hours since the trial commenced; (the actual continuous confinement, it appears by the record, to which he had then been subject, commenced the afternoon of the previous day, Monday,) was in much pain, and believed he could not longer remain on the jury without serious and permanent injury to his health."

The defendant thereupon offered, that he would consent to the release of the jury from confinement, and to their separation, during their deliberations, so that the juror could receive treatment for his tooth, as if he were not on the jury, but insisted upon a verdict before the jury was discharged. ' The Court, however, without his consent, and without hearing further from the sick juror, discharged the jury, refused a motion to discharge the prisoner, and remanded him back to prison.

The statement of the juror was not under oath, and no medical evidence was heard, as to his situation. A case of necessity for discharge, within the previous rulings of the Supreme Court, was not made. The jury should not have been discharged. The discharge is a bar to a re-trial of the defendant, and his motion for his own discharge should have been sustained.

But, as the appeal is not from a final judgment, the appeal must be dismissed, with costs. *Miller* v. *The State,* 8 Ind. 325.

The cause is dismissed, with costs.

*David H. Colerick* and *John Colerick,* for the appellant.