## BRACKNEY *v.* STATE OF INDIANA.

[No. 22,643.   Filed October 29, 1914.]

1. JUSTICES OF THE PEACE.—*Record.—Conclusiveness.*—A justice's court is a court of record; hence the record is conclusive, importing absolute verity, and a finding and judgment of such court can not be attacked or contradicted, either by pleading or evidence.   p. 344.

2. CRIMINAL LAW.—*Defenses.—Former Jeopardy.*—The defense of former jeopardy is established and defendant is entitled to his discharge, where it appears from the record of a justice of the peace that defendant was tried for the same offense before such justice and acquitted, and there was no showing of collusion between defendant and such justice, or that defendant procured his own prosecution, or that there was any fraud in relation thereto.   p. 344.

3. CRIMINAL LAW.—*Former Jeopardy.—Collusion.*—Where a trial before a justice of the peace, relied upon as constituting former jeopardy, is the result of collusion between defendant and the justice, or it is shown that defendant procured his own prosecution, or that there was any fraud in relation thereto, jeopardy does not attach, and the proceedings are not a bar to further prosecution.   p. 345.

From Putnam Circuit Court; *John M. Rawley,* Special Judge.

Prosecution by the State of Indiana against Daniel C. Brackney.   From a judgment of conviction, the defendant appeals.   *Reversed.*

*Thomas T. Moore, Fay S. Hamilton* and *Thomas A. Moore,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

ERWIN, J.—This was a prosecution by indictment against appellant, on a charge of converting mortgaged personal property to his own use, under §2299 Burns 1914, Acts 1905 p. 584, §406.   To the indictment in this case, the defendant filed a plea of former jeopardy, in which he alleges that he was arrested, tried and acquitted, before a justice of the

peace, in and for said county and State, upon the same charge, stated in this indictment. In addition to this plea of former jeopardy the appellant entered a plea of not guilty. The State, by its prosecuting attorney, filed a demurrer to the plea of former jeopardy, which demurrer was overruled. Reply of general denial was filed to this plea, and no other reply was filed. On the issues thus formed, the cause went to trial before a jury.

On the trial of the cause a record of a justice of the peace was introduced showing a trial of the appellant upon the same charge, stated in the indictment, which record also discloses the fact, that on the same day, but before the hour set for trial the prosecuting attorney of the county, by his deputy, appeared and filed a paper with the justice of the peace in which he moved to dismiss the affidavit. This motion was, by the justice overruled and a plea of not guilty being entered by appellant, the case was called for trial, and after hearing the witnesses, the justice found the defendant not guilty. These are the facts shown by the record of the justice and about which there is no dispute as to the entry or when it was made.

On the trial of this cause the court permitted parol evidence to be introduced for the purpose of impeaching the record of the justice as to the overruling of the motion to dismiss. A justice's court is a court of record. The record is conclusive. The finding and judgment imports absolute verity, and cannot be attacked or contradicted, either by pleading or evidence. *Presler* v. *Turner* (1877), 57 Ind. 56; *Larr* v. *State* (1873), 45 Ind. 364; *Fitch* v. *Byall* (1898), 149 Ind. 554, 49 N. E. 455.

It is contended by appellee that when the prosecuting attorney filed a written motion to dismiss, that that was all that was required of him, and that the justice had no further jurisdiction, and that the case was at an end, and that the trial after the filing of such dismissal was a nullity. It is not contended by the State that

there was any collusion, between the appellant and the justice of the peace, or that the appellant procured his own prosecution, or that there was any fraud in relation thereto. If such were the facts in the case, no jeopardy could attach, and the proceedings would not bar further prosecution. *Halloran* v. *State* (1881), 80 Ind. 586, 589.

The record of the former trial as shown by the docket of the justice of the peace, clearly discloses, without any contradictions, that the appellant had been in jeopardy before said justice, and had been acquitted of the same offense for which he stands charged in this indictment and that he is entitled to his discharge. Constitution, §14, Art. 1. *Gillespie* v. *State* (1907), 168 Ind. 298, 80 N. E. 829, and cases cited.

Judgment reversed with instructions to the lower court to enter an order discharging appellant from further prosecution on the charge in question, and that he go hence without day.

NOTE.—Reported in 106 N. E. 532. As to former conviction or acquittal as defense, see 11 Am. St. 228. See, also, under (1) 24 Cyc. 637; (2) 12 Cyc. 274; (3) 12 Cyc. 262.