WILLIAM D. MARVEL *vs.* JOHN W. COBB & others.
JOHN W. COBB & others *vs.* WILLIAM D. MARVEL.

Bristol.    October 27, 1914. — December 29, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Supreme Judicial Court.    Res Judicata.    Judgment.*

The Supreme Judicial Court has no jurisdiction to receive a motion, called a "Motion for judgment *non obstante veredicto,*" which seeks, without any allegation of new facts, to set aside a final decree of the Superior Court and a final judgment of the Land Court theretofore entered in a suit in equity and in a writ of entry in each of which the person who filed the motion had had his day in court and in each of which, after full hearings, every issue of law and fact had been decided/against him; and, if it were possible to entertain such a motion, it would be barred by the decree and the judgment as *res judicata.*

DE COURCY, J.    In October, 1906, the plaintiff Marvel brought a bill in equity against John W. Cobb, seeking to recover certain

real estate in the town of Bourne, and praying also for an accounting and for damages. It is alleged in the bill that in April, 1890, the plaintiff's father, Dexter Marvel, conveyed to Cobb the Pocasset Heights property, so called, in consideration of one hundred and five shares of the Cobb Stove and Machine Company; and also gave to Cobb a mortgage of the Patuisset property, together with a pledge of said stock, as security for a loan of $6,000. In October, 1890, Dexter Marvel died, intestate. In August, 1891, the mortgage was foreclosed, and the Patuisset property was conveyed to Cobb by the purchaser at the sale. The bill, seeking to set aside the deed and mortgage and the foreclosure sale on the ground of alleged fraud, was twice amended; a demurrer to the amended bill was sustained by the Superior Court, and the bill was dismissed. On the plaintiff's appeal from the order, the suit came before this court in October, 1908, and in November, 1908, the decree dismissing the bill was affirmed. A more detailed statement of the facts and of the grounds on which the decree was based appears in the case of *Marvel* v. *Cobb,* 200 Mass. 293.

It was stated in the opinion that assuming paragraph twenty-three of the bill to contain an allegation that the mortgage of the Patuisset property was rendered void by a fraudulent alteration made by Cobb, inasmuch as the plaintiff was not in possession, his remedy (if he had any) was a writ of entry. In 1909 he brought such a writ, and hearings thereon were held in the Land Court. The judge of that court found against the plaintiff as to the alleged alteration or "forgery," and on other material issues, and ordered judgment for the tenant. On the plaintiff's appeal to this court the order of judgment was affirmed in January, 1910. *Marvel* v. *Cobb,* 204 Mass. 117.

The plaintiff now comes before us on what is entitled "Appeal of William D. Marvel." The printed record contains only a motion "to print the facts as epitomized," which motion was granted, and certain alleged facts stated argumentatively. In view of the large number of motions that have been filed by the plaintiff in this case and acted upon by the court, it is not clear which is the one referred to in this appeal. We infer, however, from statements made in the "Facts," that the appeal relates to an *ex parte* motion entitled "Motion for judgment *non obstante vere-*

*dicto,*" filed with the clerk of the Supreme Judicial Court in Bristol County, and denied after a hearing at Boston.

This motion sets out no new facts, except a suggestion of the death of John W. Cobb, and it is supplemented by a voluminous written argument. The plaintiff asks that judgment be entered in his favor in the suit in equity, with large damages, and that he be put in full and peaceable possession of the property, that the defendants be enjoined from availing themselves of any orders, judgments or decrees heretofore entered in their favor by the Supreme Judicial Court, the Superior Court or the Land Court; and for other incidental relief. It is obvious from this mere statement that the single justice had no jurisdiction to set aside the final judgments entered in the Superior Court and Land Court. Aside from the matter of jurisdiction, we may add, in view of the plaintiff's apparent failure to realize the fact, that after ample opportunity to present his case before the proper tribunals, and after full hearings thereon, the issues of fact and of law have been decided against him. He has had his day in court, and so long as the final judgments against him are outstanding, he is concluded from again litigating the same questions against these defendants. *Cotter* v. *Boston & Northern Street Railway,* 190 Mass. 302.

*Order appealed from affirmed.*

*W. D. Marvel, pro se.*

No argument or brief was presented for Cobb and others.