TODD *v.* STATE OF INDIANA.

[No. 28,697. Filed October 4, 1951.]

Gilkison, J., concurs with opinion.

*Ernest E. Owens,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General, *George W. Hand,* Deputy Attorney General, and *James M. Lewis,* Prosecuting Attorney, 40th Judicial Circuit, for appellee.

EMMERT, J.—Appellant, by a jury, was found guilty of automobile banditry and sentenced to a term of 14 years in the state prison. The affidavit in part charged appellant "did unlawfully, feloniously, fraudulently and knowingly utter, publish and pass, indorse and deliver to one Byron Judd, then and there being as true and genuine a certain false, forged and counterfeit check for the payment of money, towit: Fifty-Eight Dollars and Sixty Cents ($58.60)" and that he "did have on or near the premises where such forgery, as aforesaid, was so committed . . . a motor vehicle . . . by the use of which . . . the said Ralph D. Todd . . . did escape and intend to escape." The second count of the affidavit charged the commission of the same forgery but did not charge automobile banditry.

The appeal from this judgment presents an issue involving double jeopardy similar to that decided in *Slack* v. *Grigsby* (1951), 229 Ind. 335, 97 N. E. 2d 145. In *Todd* v. *State* (1948), 226 Ind. 496, 81 N. E. 2d 530,

81 N. E. 2d 784, by a divided court it was held that appellant's first conviction on the same affidavit should be affirmed. Thereafter appellant filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Indiana, South Bend Division, and on September 26, 1949, that court decided that appellant had been denied due process of law under the Fourteenth Amendment, and that the original judgment of conviction was void. The state then filed what it designated a motion to reinstate the original cause and set the same for trial for the reason that the original verdict and judgment had been declared null and void by said District Court. This brought to the attention of the trial court the fact that the original judgment had been adjudged void.

The proper procedure would have been for the state to have moved to vacate of record the judgment for the reason that it had been adjudged void, and to order a new trial. The proceedings had subsequent to the time due process was denied were void in fact, because the United States District Court had jurisdiction to decide and did so decide such issue by virtue of the superior force of the Fourteenth Amendment. The decision of the United States District Court was brought to the attention of the trial court, which record then disclosed the nullity of all acts taken after the loss of jurisdiction.

This left the issues made by the original affidavit and the plea of not guilty ready for a retrial. The appellant, having successfully sought to have his original sentence adjudged void, cannot assert he has been placed in double jeopardy by a retrial. In *Slack* v. *Grigsby* (1951), 229 Ind. 335, 97 N. E. 2d 145, *supra,* this court held that after the United States District Court had adjudged the sentence

for murder in the first degree void because a plea of guilty had been entered after the prisoner had been denied his right to counsel under the due process clause of the Fourteenth Amendment, the prisoner was "not put in jeopardy by a judgment of conviction which is void for lack of jurisdiction." In this case the opinion reviewed the authorities, and quoted with approval the language in *Mitchell* v. *Youell* (C. C. A. 4th, 1942), 130 F. 2d 880, 882, as follows: " 'The defense of prior jeopardy will not protect him, for in holding that the trial was a nullity, we hold that he has not been in jeopardy under the charge. It is settled that an accused is not put in jeopardy by a void judgment of conviction, and that upon his discharge thereunder he may be again arrested and prosecuted.' " In *State* v. *Mead* (1837), 4 Blackf. 309, this court held a defendant could be tried again on the same indictment for larceny where there had been no legal trial because the state had been denied its constitutional right to trial of the cause by jury. The opinion by Blackford, J., said, "Our constitution, it is true, provides that no person shall be twice put in jeopardy for the same offense. Ind. Const., art. 1, sec. 13 [1816 Constitution]. But that provision does not apply to a case where the first trial was a nullity, and where the defendant, of course, was not put in jeopardy by it.

"There has been a *mis-trial,* and though the defendant has been acquitted, there must be another trial of the cause."

Appellant contends there was reversible error in the trial court giving to the jury the state's requested instruction No. 1, which is as follows:

"The affidavit in this case charges the defendant with two criminal offenses and it is divided into two counts; but if the evidence satisfies you, be-

yond a reasonable doubt, that the defendant is guilty of either of these offenses, then you should return a verdict of guilty against him as that is all the law requires. The law gives the state the right to charge the defendant with both of these alleged offenses in one affidavit, but it only requires it to establish sufficiently one or more of them to entitle it to be a verdict of guilty at your hands."

Appellant's specific objection was directed to the words "to establish sufficiently" as providing a standard not in compliance with the requirement that the guilt of the defendant must be established beyond a reasonable doubt. However, the first part of the instruction did require proof beyond a reasonable doubt, and the instruction is to be construed as an entirety. "In many cases in this jurisdiction, it has been held that an instruction is to be construed as an entirety and is not to be judged by detached clauses or sentences." *Campbell* v. *State* (1925), 197 Ind. 112, 118, 149 N. E. 903. The instruction is not good in form, but we do not feel that it told the jury they could find the appellant guilty on evidence which failed to establish guilt beyond a reasonable doubt.

State's requested instruction No. 7 which was also given to the jury also presents the question of the trial court's departure from the requirement that the evidence must prove the accused guilty beyond a reasonable doubt before conviction. This instruction stated:

"An accomplice is one, who with criminal intent, acts with others and participates in the commission of a crime. Under the laws of the State of Indiana, an accomplice is competent as a witness for the state in a trial of a criminal case. The evidence of the accomplice is to be received and weighed by the jury in the same manner and according to the same rules as the evidence of any other witness. It is the duty of the court and the jury

to carefully scrutinize the testimony of an accomplice; and, if her testimony should be found sufficiently satisfactory to the jury, they may return a verdict of guilty on her testimony alone."

In *Adams* v. *State* (1923), 194 Ind. 512, 518, 519, 141 N. E. 460, this court held such an instruction was not erroneous on the theory that the jury had been instructed fully on the subject of reasonable doubt and that the instructions were to be construed as a whole and the jury must have understood the objectionable clause "to mean that if his testimony shall be found to establish the guilt of the defendant beyond a reasonable doubt they may return a verdict of guilty on his testimony alone."

This court does follow the general rule that instructions in criminal causes are to be considered as a whole. *Bredenderf* v. *State* (1923), 193 Ind. 675, 141 N. E. 610; *Sims* v. *State* (1925), 197 Ind. 311, 147 N. E. 520; *Slaughter* v. *State* (1936), 209 Ind. 658, 199 N. E. 244; *Arthur* v. *State* (1949), 227 Ind. 493, 86 N. E. 2d 698. But since the decision in the *Adams* case, *supra*, this court has materially narrowed the application of the general rule. In *Flick* v. *State* (1935), 207 Ind. 473, 477, 193 N. E. 603, this court said: "An erroneous instruction is not corrected by giving a correct one, unless the improper one is withdrawn. Conflicting instructions confuse the jury, and it is impossible to determine which instruction they followed." In the same year this court, in discussing the problem, in an opinion by Chief Justice Fansler, said: "It is error to give an instruction which incorrectly states the law. Definitions fixing a high standard in one case and a lower standard in another are not conducive to equal justice. Cases cannot be affirmed in the face of admittedly erroneous instruc-

tions, which, if correctly understood by the jury, permit conviction upon evidence of lesser weight than contemplated by law, since it cannot be said that a correct instruction would not have resulted in a different verdict. Justice requires that the guilt of all defendants shall be determined by the same standard. It is true that the statute provides that, 'in consideration of the questions which are presented upon an appeal, the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court, which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant.' Section 2394, Burns' 1926, § 9-2320, Burns' 1933, § 2384, Baldwin's 1934. This statute must be construed as having preference [reference] only to matters of practice and procedure, and to questions which do not go to the merits of the case. It was not intended to authorize this court to weigh the evidence and determine therefrom whether the jury would have reached the same verdict under proper instruction. A defendant is entitled to have the jury correctly instructed concerning the law. Any expression in the decisions which would seem to indicate that this court will consider the evidence in determining whether an erroneous instruction, involving the merits of the case, prejudiced the substantial rights of the defendant must be disregarded." *Beneks* v. *State* (1935), 208 Ind. 317, 328, 329, 196 N. E. 73. The rule is now firmly established in Indiana that an erroneous instruction cannot be cured by giving another correct instruction on the same subject matter, but the erroneous instruction must be withdrawn, otherwise its giving is reversible error. *O'Neil* v. *State* (1939), 216 Ind. 21, 22 N. E. 2d 825; *Brannin* v. *State* (1943), 221 Ind. 123, 46 N. E. 2d 599; *Steinbarger* v. *State* (1948),

226 Ind. 598, 82 N. E. 2d 519. State's instruction No. 7 did not define what was intended by the words "if her testimony should be found sufficiently satisfactory to the jury," and the jury could easily have had the impression that a conviction would be authorized on the uncorroborated testimony of an accomplice even though such testimony did not convince the jury of appellant's guilt beyond a reasonable doubt. The instruction purported to be complete on the subject of accomplices, and its giving to the jury was prejudicial error. *Adams* v. *State* (1923), 194 Ind. 512, 141 N. E. 460, *supra,* insofar as it conflicts with this opinion, is overruled.

It would unduly extend this opinion to recite the evidence given in the cause. It is sufficient to note that the verdict was sustained by sufficient evidence and not contrary to law. Other contentions of error are without merit and need not be discussed.

However, since a new trial will be granted, it is in order to discuss one phase of the evidence which we find in the record but not presented in this appeal. Over objection the state was permitted to introduce evidence that appellant's wife had given other checks to other persons. None of the persons who cashed the checks testified that payment was refused on any check, nor did any officer of any drawee bank testify to any facts showing the checks to have been forged or fraudulent.

"All the authorities in Indiana and the great weight of authority throughout the country hold that in a prosecution for uttering forged paper it is competent to show that shortly before or shortly after the event charged, the accused uttered similar forged instruments to an extent which makes it improbable that he should have been ignorant of the

forgery, as bearing on the intent with which the particular act was done. . . . And many authorities hold that, where a number of like offenses were committed in a like manner, as if by following a novel system, evidence that the accused committed one of such offenses is competent on the question of his identity as the person who committed another for which he is on trial. . . ." *Cooper* v. *State* (1923), 193 Ind. 144, 149, 139 N. E. 184. Other similar acts or offenses are also relevant in a charge of issuing a fraudulent check to evidence fraudulent intent, design, scheme and plan. *Huffman* v. *State* (1933), 205 Ind. 75, 185 N. E. 131.

But as we read the record here the state failed to show three of the witnesses who testified on receiving other checks from appellant's wife ever were defrauded or that the checks were forged or drawn in the name of a fictitious maker. "Evidence of other crimes should appear to be substantial, and at least make out a prima facie case before it is admissible. If the evidence of another crime only amounts to a suspicion, it should not be received." Underhill, *Criminal Evidence* (4th Ed.), § 182, p. 327.[1] The statement contained in *Anderson* v. *State* (1941), 218 Ind. 299, 317, 32 N. E. 2d 705, as follows: "From the mere recurrence of similar transactions it may be inferred that they were not accidental or inadvertent but were intended by someone. So when it has first been proved by independent evidence that the accused did the act for the intentional doing of which he may be punished, then the other transactions are admissible in evidence to prove his intent even though his connection with them has not been proved," is too broad and is specifically

[1] "Evidence of a vague and uncertain character, offered for the purpose of showing that defendant has been guilty of similar offenses, should not be admitted under any pretense whatever." 16 C. J. 592, § 1142.

disapproved. See *Kahn* v. *State* (1914), 182 Ind. 1, 105 N. E. 385.

Judgment reversed with instructions to the trial court to sustain appellant's motion for a new trial.

Gilkison, J., concurs in result with opinion.

## CONCURRING OPINION

GILKISON, J.—I concur with the results reached in the opinion that the judgment rendered must be reversed. However, I think it is incumbent upon us to decide the many important legal questions directly presented in the appeal. Some of these questions I shall discuss and give authorities supporting my position, which I think should have governed the trial court in the trial and must govern this court in this appeal. It is necessary that a more complete statement of the record be made, together with copies of the additional pleadings filed by the State and the defendant since our opinion was filed in the first appeal.

It is conceded by all parties to this appeal that the Jackson Circuit Court had jurisdiction of the subject-matter and of the parties in this case when it was filed in that court on September 22, 1947. The records of this court, which purport truth, conclusively show that appellant entered his plea of not guilty to the charges, that a jury was duly empaneled and sworn to try the cause and he was tried by that jury on November 3, 1947, resulting in a finding of guilty on each count of the affidavit, with imprisonment for ten years on the first count and a fine of ten dollars on the second count. Thereupon the trial court rendered its judgment sentencing defendant to be imprisoned in the Indiana state prison for a term of ten years on the first count and that he be imprisoned for not less than

two nor more than fourteen years on the second count—sentences to be served concurrently. On this judgment defendant was committed to the Indiana state prison on or about November 4, 1947. Thereafter on December 3, 1947, defendant filed his motion for new trial, assigning among others, the reasons: that the verdict was not supported by sufficient evidence, and was contrary to law; that the court erred in overruling defendant's motion for a continuance of his trial until he could get an attorney to defend him, and in compelling him to go to trial without appointing an attorney to defend him, as requested. A motion for nunc pro tunc entry showing the two facts last above mentioned was filed before the motion for new trial was ruled upon. Both the motion for nunc pro tunc entry and for new trial were overruled by the trial court. From the judgment of the trial court the cause was then duly appealed to this court by the defendant, where the judgment was affirmed on October 7, 1948, and a rehearing was denied on November 9, 1948. (For confirmation of this statement of the record see *Todd* v. *State* (1948), 226 Ind. 496, 81 N. E. 2d 530).

After the judgment of the lower court was affirmed by this court, defendant filed his habeas corpus action in the Federal district court for the northern district of Indiana, asking that he be released from his alleged unlawful imprisonment in the Indiana State Prison. The habeas corpus petition was decided by that court on September 26, 1949, after defendant had been so imprisoned for one year nine months and twenty-two days under the judgment affirmed by this court. The decision was for defendant, that his imprisonment was unlawful and ordering his release on September 28, 1949. No appeal from this judgment was taken. There was no effort on the part of that court to reverse the

judgment of the trial court theretofore rendered, for, of course, it had no jurisdiction so to do. It was studiously careful to make no statement in its memorandum opinion indicating that the judgment was reversed or otherwise affected. It carefully reviewed all the facts concerning the denial of an attorney to defendant by the trial court and stated: "Under these circumstances, there can be no doubt that the petitioner (defendant) was denied a fundamental right guaranteed him by the Fourteenth Amendment to the Federal Constitution. . . . Where as here additional evidence is available to substantiate the allegations respecting the federal questions, the attempt to obtain relief by habeas corpus appears wholly justified. . . . An order will be entered discharging the petitioner from the custody of the respondent."

The record before us on this appeal shows that the next step was taken thereafter on October 3, 1949 when the State of Indiana by the prosecuting attorney of Jackson County filed in the Jackson Circuit Court its petition to reinstate the cause etc. in the Jackson Circuit Court, which omitting the caption is as follows:

"Comes now the state of Indiana, by John M. Lewis, Prosecuting Attorney, and respectfully requests the court to reinstate the above entitled cause to the trial docket of said court, to issue proper process for said defendant and to set said cause for trial for the following reason:

"1.  The original verdict and judgment has been declared null and void in an action entitled Ralph D. Todd, petitioner, vs. Alfred F. Dowd, Warden, same being Civil Cause No. 979 in the United States District Court Northern District of Indiana, South Bend Division, a copy of which judgment is attached hereto, made a part hereof by reference, and marked 'Exhibit A.'

John M. Lewis, Prosecuting Attorney."

As before shown, the statement in this petition and in the present opinion of this court that "The original verdict and judgment has been declared null and void . . . in the United States District Court Northern District of Indiana" is not supported by the memorandum opinion of that court filed with and made a part of the petition. It is wholly unsupported. Of course, the petition must be and is controlled by the memorandum opinion upon which it is based. Burns' 1946 Replacement, § 2-1031; *Cox* v. *Baltimore, etc., R. Co.* (1913), 180 Ind. 495, 508, 103 N. E. 337, 50 L. R. A. (N. S.) 453; *Simons* v. *Kosciusko Building, etc. Assn.* (1913), 180 Ind. 335, 338, 103 N. E. 2, and cases cited; *Harrison Building and Deposit Company* v. *Lackey* (1897), 149 Ind. 10, 14, 48 N. E. 254, and cases cited; *Reynolds et al.* v. *Louisville N. A. and C. Ry. Co. et al.* (1895), 143 Ind 579, 621, 40 N. E. 410; *Avery et al.* v. *Dougherty* (1885), 102 Ind. 443, 445, 2 N. E. 123; *State ex rel. Tittle* v. *Covington etc. Schools* (1951), 229 Ind. 208, 214, 96 N. E. 2d 334, and cases cited.

As before stated the United States District Court is without appellate jurisdiction, of either the Jackson Circuit Court or the Supreme Court of Indiana. It has not attempted to exercise any such jurisdiction, and it did not "declare the original verdict and judgment null and void," all of which is fully shown by the copy of the memorandum opinion filed with and made a part of the motion.

Thereafter, on November 23, 1949, the special judge of the Jackson Circuit Court, who had been appointed and qualified in the matter, made an order as follows: "Comes now Fred S. Matthews, special judge in this cause and defendant is ruled to answer on or before December 24, 1949." We must presume that defendant was ruled to answer the prosecutor's motion afore-

noted there being at that time nothing else before the court. On December 24, 1949, defendant filed his verified plea of former jeopardy in discharge of the rule to answer the state's petition. This plea omitting caption, verification and signature, is as follows:

"1. That all the matters and things alleged in the affidavit filed in this cause were heretofore heard, tried and determined in the Jackson Circuit Court on the 3rd day of November, 1947.

"2. That thereafter said cause was appealed to the Supreme Court of Indiana, said cause being No. 28426 and entitled Ralph D. Todd (defendant below) Appellant vs. The State of Indiana (Plaintiff below) Appellee.

"3. That the Supreme Court of Indiana, by a three to two decision affirmed the judgment of the Jackson Circuit Court; that a rehearing in the Supreme Court of Indiana was denied and that said judgment is final.

"Defendant further says that after his conviction in the Jackson Circuit Court and during and after his appeal to the Supreme Court of Indiana he was imprisoned in the Indiana State Prison at Michigan City, Indiana.

"That after the decision of the Indiana Supreme Court, the defendant herein filed his petition for a Writ of Habeas Corpus in the United States District Court for the Northern District of Indiana, South Bend Division, said cause being No. 979 Civil and entitled Ralph D. Todd, Petitioner v. Alfred F. Dowd, Warden, Respondent.

"That thereafter a trial was laid upon the issues thus presented to the Court and Petitioner (Defendant herein) was ordered discharged from the custody of the said Alfred F. Dowd, Warden, Respondent. That a copy of said decision is attached hereto, made a part hereof and for certainty marked 'Exhibit A.' "

"Defendant says that no appeal was taken from said decision of said U. S. District Court to the United States Circuit Court of Appeals for the

Seventh Circuit and said decision is valid and subsisting.

"Defendant says that said Writ of Habeas Corpus so issued as above set forth is a *Writ of Freedom* and not a *Writ of Error*, that the above named U. S. District Court is not a court of appeals; that its order discharging the defendant herein is conclusive in his favor.

"Wherefore Defendant prays for his discharge herein and that he be permitted to go hence without day."

The State did not attack this answer by demurrer, motion or otherwise. From the record it appears that the court received briefs and arguments only and thereafter, on the 30th day of January, 1950, made an order thereon as follows:

"The court having had under advisement defendant's plea of former jeopardy, heretofore filed, and having heard argument, the court now overrules defendant's plea of Former Jeopardy.

"The court now sustains the State's motion to reinstate this cause for trial, the motion having heretofore been filed October 3, 1949."

This ruling, therefore, seems to be a wholly gratuitous action by the court, without any issue having been made on the motion authorizing such action. In a recent case involving a similar situation this court reversed the judgment and ordered a hearing on the motion. *Kuhn* v. *State* (1944), 222 Ind. 179, 186, 201, 52 N. E. 2d 491.

Thereafter, on April 5, 1950, defendant filed his special pleas in two paragraphs to the affidavit against him, the first being a plea of autrefois convict and the second being a plea of former jeopardy. Omitting caption and signatures these pleas are as follows:

"Comes now the defendant, Ralph Todd, by his attorney Ernest E. Owens, in the above entitled cause and for special plea to the charge contained in the affidavit heretofore filed against him herein respectfully presents his special plea of autrefois convict, in the words and figures following, to-wit:

"1. That on the 3rd day of November, 1947, this defendant was placed on trial before a jury in this Court on the identical and the same affidavit upon which The State of Indiana is now proceeding against this defendant herein.

"2. That the parties were the same in this Court on said 3rd day of November 1947, as they are now; that the issues then were the same as they are now; and, that the evidence necessary to sustain the charges against this defendant on said date is the same as it is now.

"3. That on said 3rd day of November 1947, this defendant was convicted of all charges contained in the affidavit upon which the State of Indiana is now proceeding upon against this defendant herein.

"4. That on said 3rd day of November 1947, this Court entered judgment according to law against this defendant upon the conviction specified in rhetorical paragraph 3 hereof.

"5. That in due course said judgment was appealed to and reviewed by the Indiana Supreme Court; that said judgment was affirmed by the Indiana Supreme Court; and, that said affirmance is reported in volume 81 N. E. 2d at pages 530, 531, 532 and 533.

"6. That, therefore, defendant avers that he has hereinbefore been convicted of the identical and the same crime charged in the affidavit upon which he is being proceeded against herein.

"WHEREFORE, the defendant, Ralph Todd, moves the Court to dismiss this prosecution and discharge the defendant from further liability by reason of said affidavit or, in the alternative, moves the Court to order and direct the Jury to return a verdict of not guilty and for all further and proper relief in the premises.

## SECOND PARAGRAPH
## DEFENDANT'S SPECIAL PLEA OF
## FORMER JEOPARDY

"Comes now the defendant, Ralph Todd, by his attorney Ernest E. Owens, in the above entitled cause and for a second and further of special plea in bar to the charge contained in the affidavit herein respectfully presents his special plea of former jeopardy, which plea is in the words and figures following, to-wit:

"1. That on the 3rd day of November 1947, this defendant was placed on trial before a jury in this Court on the identical and the same affidavit upon which The State of Indiana is now proceeding against this defendant herein.

"2. That the parties were the same in this Court on said 3rd day of November 1947, in Cause No. 2914, as they are in this cause now; that the issues then were the same as they are now herein; and, that the evidence necessary to sustain the charges against this defendant herein on said 3rd day of November 1947, is the same as it is now herein.

"3. That on said 3rd day of November 1947, this defendant was therein convicted of all the charges contained in the affidavit upon which the State of Indiana is now proceeding against this defendant herein.

"4. That on said 3rd day of November 1947, this Court entered judgment according to law against this defendant of all counts of the affidavit filed herein and upon the conviction specified in rhetorical paragraph 3 hereof.

"5. That in due course of said judgment was appealed to and reviewed by the Indiana Supreme Court; that said judgment was affirmed by the Indiana Supreme Court; and, that said affirmance has never been vacated, set-aside, over-ruled or reversed and is reported in volume 81 N. E. (2d) 530, 531, 532 and 533.

"6. That, therefore, defendant avers that he has hereinbefore been placed in jeopardy upon the identical and the same charges in the affidavit upon which he is now being proceeded against herein by

the State of Indiana; that he has been previously placed in jeopardy for the offense or offenses contained in said affidavit herein; and, that in proceeding against defendant herein the State of Indiana is now placing defendant in jeopardy twice in the same offense, contrary to and in violation of Article 1, Section 14, Indiana Constitution and Amendment 14, Section 1, United States Constitution.

"WHEREFORE, the defendant, Ralph Todd, moves the Court to dismiss this prosecution and discharge the defendant from further liability by reason of said affidavit or, in the alternative, defendant moves the Court to instruct, order and direct the trial Jury to return a verdict of not guilty and for all further and proper relief in the premises."

Whereupon the State by its prosecuting attorney orally objected to the filing of each of said special pleas. The court thereupon summarily sustained the state's objection. The pleas were not attacked by demurrer, written motion or otherwise.

Thereupon the defendant filed his verified motion for discharge from further prosecution in the case, which omitting caption, verification and signature is in words and figures as follows:

"Comes now the defendant herein, Ralph D. Todd, after the jurors seated, but before their Voir Dire Examination, and respectfully moves the Court that he may go acquit by reason of having heretofore been placed in jeopardy by reason of his trial and conviction of the same and identical offense with which he is charged herein.

"And said Defendant herein, Ralph D. Todd, prays that he may be permitted to introduce evidence in support of this motion."

The state by its prosecuting attorney thereupon objected orally and not otherwise to the filing of the motion, which objection the court summarily sustained.

The defendant then filed his verified written objection to the swearing of the jury to try the case, which omitting caption, verification and signature, is in words and figures as follows:

"Comes now the Defendant herein, Ralph D. Todd, at the close of the Voir Dire Examination of prospective jurors herein and objects to said prospective jurors being sworn to try this cause for the following reasons and each of them, to-wit:

"(1) That a trial was had in this cause in this Court on the 3rd day of November 1947; that said cause was the same, one and identical cause as the case at bar; that the parties are the one, same and identical parties; that the issues were the one, same and identical issues; that said issues have been heretofore fully tried and adjudicated; that judgment was rendered in said cause; that said judgment was affirmed by the Supreme Court of Indiana; and that said judgment has never been modified or set aside by said Supreme Court of Indiana.

"WHEREFORE, the Defendant herein, Ralph D. Todd, objects to the swearing of the jury to try this cause for the reason that his constitutional guarantee against double jeopardy would be violated by so swearing said jury to try said cause in as much as all issues between the Parties to this action have been heretofore fully tried and determined."

The state then orally and not otherwise objected to the objection so filed (an unusual and unwarranted procedure) which oral objection by the state the court summarily sustained. Thereupon the second trial of defendant began after he had been permitted by the state and the court to enter only the general plea of not guilty.

In the second trial of defendant the jury found him guilty as charged in each count of the affidavit, upon which on April 19, 1950 the court rendered judgment

sentencing him to the Indiana State Prison for fourteen years.

Defendant then filed his motion for new trial, questioning the validity of each of the court's rulings in the proceedings heretofore noted, and also properly raising questions relating to the court's sustaining the several objections by the State to questions and offers to prove, indicating the former conviction and jeopardy of defendant upon the same charge and which he then sought to prove under the general plea of not guilty. Among the things he sought to introduce in evidence was the record of the court in this case, showing severally (1) the filing of the affidavit against defendant on September 23, 1947, (2) his arraignment and plea thereon, (3) setting the cause for trial, (4) swearing the jury to try the cause, (5) the trial, (6) the verdict of the jury, (7) the judgment and sentence of the court, (8) the filing of the motion for new trial, (9) the order overruling it and (10) the opinion of the Supreme Court of the state of Indiana affirming the judgment of conviction of defendant in the cause. In each such instance the proper questions were asked, objections were made by the state, and proper offers to prove were made by the defendant. The objections were each summarily sustained by the court, and the offers to prove were likewise denied.

Thus the facts concerning former conviction and former jeopardy of defendant were erroneously wholly determined by the court arbitrarily and as a matter of law and not by the jury—as the only trier of facts in the case, upon issues that defendant properly attempted to make. Before the motion for new trial was ruled upon, defendant filed a written motion asking the court to weigh the evidence in the case in ruling upon the motion for new trial. This motion was summarily over-

ruled by the court. The court then overruled the motion for new trial. Rulings of the trial court in each of the several matters noted and others are brought before this court by proper assignments of error.

Among the fundamental questions presented to this court on the present appeal is: Is the judgment of the trial court rendered November 3, 1947 and affirmed by this court on October 7, 1948 a final judgment?

It is stated in the opinion that the trial court by its unconstitutional actions, lost jurisdiction of the case in the first trial. This statement is incorrect, so far as this court is now concerned since we are bound by our first decision of this case in which we specifically held that the trial court did not lose jurisdiction of the case. This decision is the law of this case and we must respect and follow it now. We are barred from overruling it either directly or indirectly, in this second appeal. (See authorities cited under law of the case later in this opinion).

However, for argument only, what is the meaning of the word "lost" as used in the opinion. As used by the United States Supreme Court (*Johnson* v. *Zerbst* (1938), 304 U. S. 458, 82 L. Ed. 1461) and the Supreme Court of Indiana, (*Bradley, Taylor* v. *State* (1949), 227 Ind. 131, 136, 84 N. E. 2d 580), it must have one of two meanings: either (1) mislaid, left in a place unknown or forgotten; or (2) ruined, destroyed, wasted, squandered or forfeited. The opinion accepts the first definition noted, and is necessarily based thereon. I think this is error. The second definition must apply under the circumstances stated in the opinion. The Jackson Circuit Court has forfeited its jurisdiction in this case. But, again for argument only (since as before noted we are bound by the law of this case) adopting the definition taken by the opinion, that the

court in the first trial, mislaid or left in a place un-
known or forgotten its jurisdiction of this case. Assum-
ing that such a situation could exist, it might later find
and recover that jurisdiction by appropriate action
*before, but not after rendering final judgment* against
the defendant. This it might have done by sustaining
the motion for nunc pro tunc entry and the motion for
new trial. After these two motions were presented
to the trial court and by it overruled, the state can-
not be heard to say that the court merely overlooked
or mislaid its jurisdiction. On the contrary the state
thereafter on appeal boldly asserted that the trial court
performed these acts knowingly and wittingly and as
a matter of right and duty, and by our former opinion
we have affirmed this position and this then became
and now is the law in Indiana. There was another
opportunity for the trial court to recover its lost juris-
diction, under the hypothesis we are now considering,
thus: Appellant appealed to this court from the final
judgment rendered against him, presenting to this
court, among other things, that the trial court had
lost jurisdiction of the case. By accepting and deciding
the appeal this court accepted and adjudged that judg-
ment as a final judgment, since appeals to this court
can be taken only from final judgments. With all these
facts specifically and plainly before it and with its
attention forcibly called to the legal effect of an affirm-
ance of the case, this court by its majority opinion
then specifically held that the trial court had not lost
jurisdiction of the case, affirmed the judgment and
overruled defendant's petition for rehearing. The cause
was not appealed from this court and no further action
has been taken by this court therein. Thus the judg-
ment originally rendered by the trial court became and
still remains a final judgment of that court approved

by the Supreme Court and by the expiration of time for further appeal it must remain final. Our opinion in the first appeal is binding upon the trial court and this court as the law of the case. Whether that decision is right or wrong cannot matter now, for it provides the only rule by which the trial court and this court must determine the right of the State to attack the judgment, and the right of the defendant to interpose the pleas of Autrefois Convict and Former Jeopardy in any effort of the State to try him over again.

As before stated, in the instant appeal no question of "lost jurisdiction" is presented nor can be presented. We have definitely and finally determined that proposition in the negative in the first appeal of this case. In that appeal in a majority opinion, among other things, we stated:

> "The record further discloses . . . that the appellant also at said time appeared in person and elected to represent himself in this case without the aid of counsel, and requested a trial by jury and announced that he was ready for trial. . . .
>
> "Other reasons contained in the motion for a new trial are based on the theory that the appellant had moved for a continuance and also for counsel. The record does not disclose that such motions were made or ruled upon by the trial court, in fact, as above indicated, the record shows to the contrary. . . .
>
> "On matters of record proper courts speak only through the record. . . .
>
> "Lastly, in his motion for new trial, it is contended that the court erred in permitting appellant's case to be tried without appointing an attorney to represent and defend him. Appellant had a perfect right to intelligently waive his constitutional right to counsel, and to represent himself without counsel if he so desired. . . . The record shows that appellant elected to represent himself, and there is nothing to indicate that he

did not make this election intelligently." *Todd* v. *State* (1948), 226 Ind. 496, 499, 81 N. E. 2d 530, *supra.*

Thus, as before stated, it affirmatively appears by the record that every proposition of fact and law concerning the loss of jurisdiction by the trial court in the first trial of this case has been definitely and directly determined in the negative by this court by the majority opinion in the former appeal. That opinion established the law of this case. The principle of "The Law of the Case" has been stated so often by this and the Appellate Court and by the United States Supreme Court that it seems trite to have to state it again. However, it is a ruling principle in this case and for that reason I restate it. It has been well stated by this court as follows:

"The principles of law established on the former appeal, so far as applicable, remain the law of this case through all of its subsequent stages, and must be adhered to whether right or wrong, not only in the trial court, but in this court, on a second or any subsequent appeal." *Lillie* v. *Trentman* (1891), 130 Ind. 16, 17, 29 N. E. 405, and cases cited; *Westfall* v. *Wait* (1905), 165 Ind. 353, 359, 73 N. E. 1089, and cases cited; *Alerding* v. *Allison* (1908), 170 Ind. 252, 258, 83 N. E. 1006; *Currier et al.* v. *Elliott* (1895), 141 Ind. 394, 402, 39 N. E. 554; *State ex rel. Mavity* v. *Tyndall* (1947), 225 Ind. 360, 363, 74 N. E. 2d 914; *Soderling* v. *Standard Oil Co.* (1950), 229 Ind. 47, 51, 95 N. E. 2d 298; *Federal Land Bank of Louisville* v. *Glendening* (1945), 223 Ind. 596, 599, 63 N. E. 2d 143; *Collins, Trustee* v. *Siegel* (1938), 214 Ind. 206, 209, 14 N. E. 2d 582; *State ex rel. Braden* v. *Krug et al.* (1883), 94 Ind. 366, 369 and cases cited; *Ohio Valley Trust Co.* v. *Wernke* (1912), 179 Ind. 49, 52, 99 N. E. 734, and cases cited; *Forgerson et al.* v. *Smith, Admr.* (1885), 104 Ind. 246, 247, 3 N. E. 866; *Kahle* v. *Crown Oil Co.* (1913), 180 Ind. 131, 141, 100 N. E. 681; *Chicago, etc., R. Co.* v.

*Dinius* (1913), 180 Ind. 596, 603, 103 N. E. 652; *Rooker* v. *Fidelity Trust Co., Trustee* (1931), 202 Ind. 641, 652, 177 N. E. 454; *Gerber* v. *Friday et al.* (1882), 87 Ind. 366, 368; *Egbert* v. *Egbert et al.* (1950), 120 Ind. App. 670, 95 N. E. 2d 637, and cases cited; *Terre Haute, etc., R. Co.* v. *Zehner* (1902), 28 Ind. App. 229, 231, 62 N. E. 508; *Daugherty* v. *Daugherty* (1949), 119 Ind. App. 180, 83 N. E. 2d 485; *Blume* v. *First Nat. Bank of Chicago* (1948), 118 Ind. App. 533, 538, 78 N. E. 2d 459; *Riesbach Drug Co.* v. *Wray, Admx.* (1942), 111 Ind. App. 467, 472, 39 N. E. 2d 776, and cases cited; 30 Am. Jur., Judgments, *Law of the Case*, § 170, p. 913; §§ 161 et seq.; Judgments—*Res Judicata*, p. 908. See also 3 Am. Jur., Appeal and Error, § 1166, p. 677, and §§ 985 to 1001 inc., p. 541; 5 C. J. S., Appeal and Error, § 1857, p. 1339; *Marvel* v. *Cobb* (1914), 219 Mass. 458, 107 N. E. 442; 2 Gavit, *Indiana Pleading and Practice*, § 520-(g), *The Law of Precedent and The Law of the Case*, pp. 2561, 2564; Black's Law Dictionary (3rd Ed.), p. 1076.

The United States Supreme Court has stated the principle, Law of the Case, thus:

"A final decree in chancery is as conclusive as a judgment at law. 1 Wheat. 355, 4 L. ed. 110; § 6 Wheat. 113, 116, 5 L. ed. 219, 220. Both are conclusive on the rights of the parties thereby adjudicated. No principle is better settled, or of more universal application, than that no court can reverse or annul its own final decrees or judgments, for errors of fact or law, after the term in which they have been rendered, unless for clerical mistakes. (3 Wheat. 591, 4 L. ed. 467; 3 Pet. 431, 7 L. ed. 731) ; or to reinstate a cause dismissed by mistake (12 Wheat. 10, 6 L. ed. 534): from which it follows that no change or modification can be made which may substantially vary or affect it in any material thing. . . . Whatever was before the court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. They

cannot vary it, or examine it for any other purpose than execution; nor give any other or further relief, nor review it upon any matter decided on appeal for error apparent, or intermeddle with it, further than to settle so much as has been remanded . . . After a mandate, no rehearing will be granted. . . . and on a subsequent appeal, nothing is brought up, but the proceeding subsequent to the mandate. 5 Cranch, 316, 3 L. ed. 112; 7 Wheat. 58, 59, 5 L. ed. 397; 10 Wheat. 443, 6 L. ed. 362." *Sibbald* v. *The United States* (1938), 12 Pet. 488, 491, 9 L. Ed. 1167; *Illinois ex rel. Hunt* v. *Illinois C. R. Co.* (1901), 184 U. S. 77, 46 L. Ed. 440, 22 S. Ct. 300, 305; *Wichita Royalty Co. et al.* v. *City Nat. Bank* (1939), 306 U. S. 103, 107, 83 L. Ed. 515; *Roberts* v. *Cooper* (1858), 20 Howard 467, 481, 15 L. Ed. 969, 973.

The rule that appeals can be taken only from final judgments is the same in criminal cases as in civil cases. *Farrel* v. *State* (1855), 7 Ind. 345, 346; *Miller* v. *State* (1856), 8 Ind. 325, 326; *Wingo* v. *State* (1884), 99 Ind. 343, 344; *The State* v. *The Evansville and Terre Haute Railroad Company* (1886), 107 Ind. 581, 583, 8 N. E. 619; *Erganbright* v. *The State* (1897), 148 Ind. 180, 181, 47 N. E. 464; *The State* v. *Uptgraft et al.* (1899),153 Ind. 232, 54 N. E. 802; *Walther* v. *State* (1913), 179 Ind. 565, 567, 101 N. E. 1005, and cases cited. *Montgomery* v. *State* (1914), 182 Ind. 276, 277, 106 N. E. 370.

A final judgment, whether in a civil or criminal case, has been aptly defined by this and the appellate court thus:

A final judgment is one which disposes of the subject matter of the litigation as to the parties so far as the court in which the action is pending has power to dispose of it, and puts an end to the particular case as to all of such parties and all of such issues. *Kalleres et al.* v. *Glover, Receiver* (1935), 208 Ind. 472, 478, 196 N. E. 679, and cases cited; *Terre Haute, etc., R. Co.* v. *Indian-*

*apolis, etc., Co.* (1906), 167 Ind. 193, 197, 78 N. E. 661; *Northern, etc., Cable Co.* v. *The Peoples Mut. Tel. Co.* (1916), 184 Ind. 267, 270, 111 N. E. 4, and cases cited; *Kunkel, Warden* v. *Moneyhon* (1938), 214 Ind. 606, 609, 17 N. E. 2d 82; *McNelis* v. *Wheeler* (1947), 225 Ind. 148, 152, 73 N. E. 2d 339; *The State, ex rel. Braden* v. *Krug et al.* (1883), 94 Ind. 366, 369, *supra* and cases cited; II Watson's Revision, *Works' Practice*, § 2243; *Elliott's Appellate Procedure*, §§ 90, 91; 2 Gavit, *Indiana Pleading and Practice*, § 523, pp. 2572, 2573.

Certainly the judgment rendered in the first trial of the defendant in the trial court has every element of a final judgment, plus the approval of this court on appeal. That opinion necessarily becomes the law of this case in all proceedings thereafter.

Final judgments in criminal cases in this state can be attacked only by a proceeding coram nobis. This proceeding is available to a defendant only. It is not available to the state. If it were a proceeding available to the state, it would be estopped in this case to plead its own unlawful acts against the defendant in the trial court and in this court on appeal as a reason why the final judgment should be set aside and a new trial ordered. 49 C. J. S., Judgments, § 284, p. 512; 31 Am. Jur., Judgments, § 582, p. 180; *Robertson* v. *Smith et al.* (1891), 129 Ind. 422, 424, 28 N. E. 857, and cases cited, 15 L. R. A. 273 and notation; *Harbaugh et al.* v. *Albertson* (1885), 102 Ind. 69, 73, 1 N. E. 298; *Sammons and Others* v. *Newman and Others* (1867), 27 Ind. 508, 509; *The Rhodes-Burford Furniture Co. et al.* v. *Mattox* (1895), 13 Ind. App. 221, 224, 40 N. E. 545; *Davis* v. *Bickel* (1900), 25 Ind. App. 378, 382, 58 N. E. 207.

On the subject of the sanctity and conclusiveness of a final judgment in a criminal case this court has

spoken clearly and with emphasis. In a habeas corpus case appealed by the State to this court from a judgment of the LaPorte Superior Court in which the petitioner had been discharged from imprisonment in the State Prison because of an erroneous judgment rendered against him on a felony charge in the Fayette Circuit Court. This court speaking by Fansler, J. correctly reasoned thus:

> "A final judgment of a court of general jurisdiction, which has jurisdiction of the parties, is conclusive, and such a judgment can only be challenged as erroneous by an appeal, timely taken, to a reviewing court having jurisdiction to determine whether or not there is error. Neither the Legislature nor the courts have power to compromise, set aside, or alter such a judgment in favor of the sovereign in a criminal case. The sovereign state cannot be brought into the Superior Court of LaPorte County, or any other court, to defend the validity of such a judgment, *and neither the Attorney General nor any other officer or body has authority to appear for the sovereign and consent to the review of, or admit that there is error in, such a judgment.*
>
> ". . . The Fayette Circuit Court had jurisdiction to enter the judgment, and jurisdiction to order the enforcement of it, *and after the judgment has become final, and the time for appeal has passed, not even the Fayette Circuit Court has authority to admit that the judgment is erroneous and to set aside its effectiveness.*" (My italics) *Kunkel, Warden* v. *Moneyhon* (1938), 214 Ind. 606, 609, 17 N. E. 2d 82, *supra.*

In the instant case defendant appealed to this court from his first conviction on the same affidavit upon which he was retried in the lower court in the present appeal, and we affirmed the lower court's judgment of conviction. Certainly neither the Prosecuting Attorney, the Attorney General nor any other officer or body of the State and no court of the state including the

Supreme Court has authority to attack that judgment and to set aside its effectiveness now. The rendition of a final judgment in a criminal case is an essential part of the due course of law provision of the Indiana Constitution and the Fourteenth Amendment of the Federal Constitution. When such a judgment is once rendered it protects a defendant from futher prosecution on the same charge. If, as in this case, a defendant is further prosecuted, such action not only violates his rights under Art. 1, §§ 12 and 13 of our State Constitution but violates his rights to due process of law under the Fourteenth Amendment of the Federal Constitution.

In the matter of the estoppel of a party to deny the jurisdiction of a court, this court has stated the rule in civil cases, after considering many authorities, thus:

> "They (the cases) proceed upon the theory that it does not lie in the mouth of one who has affirmed the jurisdiction of a court in a particular matter *to accomplish a purpose,* to afterwards deny such jurisdiction *to escape a penalty."* (My italics). *Robertson* v. *Smith et al.* (1891), 129 Ind. 422, 428, 28 N. E. 857, *supra; Waddell et al.* v. *Bradway et al.* (1882), 84 Ind. 537; *Harbaugh* v. *Albertson* (1885), 102 Ind. 69, 73, 1 N. E. 298, *supra; Carver* v. *Carver et al.* (1881), 77 Ind. 498; *Trueblood, Administrator* v. *Knox* (1881), 73 Ind. 310; *Sammons and Others* v. *Newman and Others* (1867), 27 Ind. 508, 509, *supra; Caffrey* v. *Dudgeon* (1872), 38 Ind. 512, 10 Am. Rep. 126; *Daniels* v. *Tearney* (1880), 102 U. S. 415, 420, 26 L.Ed. 187, 189; *Marvel* v. *Cobb* (1914), 219 Mass. 458, 107 N. E. 442, *supra; People* v. *Eller* (1926), 323 Ill. 28, 153 N. E. 597; *Bowman* v. *Bowman* (1889), 153 Ind. 498, 504, 55 N. E. 422.

Because of the presumption of innocence that must be indulged in favor of a defendant charged with crime, the rule of estoppel of a party must apply with even greater force in favor of a defendant in a criminal case.

In the trial of every criminal case it is a duty of the state, through its officers including the courts, to see that every defendant is given a trial agreeable with the "due process of law" provision of the Federal Constitution (§ 1, Fourteenth Amendment). *Kuhn* v. *State* (1944), 222 Ind. 179, 187, 193, 52 N. E. 2d 491; *Hoy* v. *State* (1947), 225 Ind. 428, 434, 75 N. E. 2d 915; *Bradley* v. *State, Taylor* v. *State* (1949), 227 Ind. 131, 136, 84 N. E. 2d 580. If it ignores this duty and procures the conviction and imprisonment of a defendant by a court that has forfeited its jurisdiction of the case, by reason of having denied defendant his fundamental rights, it may not thereafter be heard to assert its own unlawful acts to attack the judgment, it has thus procured, in an attempt to escape the penalty of forfeiture of its jurisdiction of the case. Any other rule that this court might try to establish will necessarily "give judicial sanction to the perpetration of a palpable fraud upon the defendant" in open violation of his rights under Art. 1, §§ 12, 13 and 14 of the State Constitution and § 1 of the Fourteenth Amendment of the United States Constitution. *Sammons et al.* v. *Newman et al.* (1867), 27 Ind. 508, 509, *supra; Harbaugh et al.* v. *Albertson* (1885), 102 Ind. 69, 73, 1 N. E. 298, *supra; Waddell et al.* v. *Bradway et al.* (1882), 84 Ind. 537, 539, *supra; The State ex rel. Braden* v. *Krug et al.* (1883), 94 Ind. 366, 370, *supra.*

I think the opinion is in error in accepting as settled law, usurping, and to me, unconstitutional dictum contained in *Slack* v. *Grigsby* (1951), 229 Ind. 335, 97 N. E. 2d 145, featuring the legal idea that jeopardy does not attach in a criminal case until a judgment is rendered, and if the judgment rendered should be held unenforceable in a wholly collateral proceeding, by a federal *nisi prius* court, jeopardy has never attached. There is no such holding in the

Grigsby case since that question was not before us on the issues presented in that appeal. The statements on that subject in that opinion are wholly dictum and not statements of law. 2 Gavit, *Indiana Pleading and Practice*, § 520, p. 2552, -(g), *The Law of Precedent and the Law of the Case*, p. 2561; *State ex rel.* v. *Kaufman* (1917), 186 Ind. 602, 609, 117 N. E. 643; *Lucas* v. *Board of Commissioners of Tippecanoe Co.* (1873), 44 Ind. 524, 541.

A careful examination of the cases and text books indicates that in Indiana and every other state in the union, with the possible exception of Mississippi the rule is otherwise. The rule is well stated in 22 C. J. S., Criminal Law, § 241, p. 375 thus:

> ". . . when a person has been placed on trial on a valid indictment or information before a court of competent jurisdiction, has been arraigned and has pleaded, and a jury has been empanelled and sworn, he is in jeopardy, . . ." 15 Am. Jur., Criminal Law, § 369, p. 46; *Ewbank's Indiana Criminal Law* (2nd Ed.), §§ 651, 652; 1 *Wharton's Criminal Law* (12 Ed.), § 395, p. 548.

This explanation of the time when jeopardy attaches is supported by all the Indiana cases on the subject, some of which I cite as follows: *Weinzorpflin* v. *The State* (1844), 7 Blkfd. 186; *Wright* v. *The State* (1854), 5 Ind. 290; *Miller* v. *State* (1856), 8 Ind. 325; *Morgan* v. *State* (1859), 13 Ind. 215, and cases cited; *Joy* v. *State* (1860), 14 Ind. 139, 145; *Rulo* v. *State* (1862), 19 Ind. 298; *The State* v. *Walker* (1866), 26 Ind. 346; *Maden* v. *Emmons* (1882), 83 Ind. 331; *Klein* v. *State* (1901), 157 Ind. 146, 148, 60 N. E. 1036, and authorities cited; *Armentrout* v. *State* (1938), 214 Ind. 273, 275, 15 N. E. 2d 363; *Gillespie* v. *State* (1907), 168 Ind. 298, 309, 312, 319, 80 N. E. 829 and cases cited; *State* v. *Reed* (1907), 168 Ind. 588, 590, 81 N. E.

571; *Brackney* v. *State* (1914), 182 Ind. 343, 345, 106 N. E. 532; *Winters* v. *State* (1928), 200 Ind. 48, 50, 160 N. E. 294.

Where the defendant is properly charged with a criminal offense, pleads not guilty, is tried by jury, found guilty and a judgment of imprisonment is rendered against him, a plea of former conviction on the same charge (autrefois convict) is a proper plea in bar to another trial for the same offense and the evidence thereon must be admitted in the second trial. The court may not 'arbitrarily deny the plea or refuse to admit the evidence in the second trial. Section 9-1132, Burns' 1942 Replacement; *Kelly* v. *State* (1947), 225 Ind. 577, 578, 75 N. E. 2d 537, 78 N. E. 2d 666; *Clem* v. *State* (1873), 42 Ind. 420, 424.

15 Am. Jur., Criminal Law, *Former Jeopardy*, §§ 359 and 360, pp. 38, 39 and 40 states the rule thus:

> "It is an established maxim of the common law, in the administration of criminal justice, constantly recognized by elementary writers and courts of judicature from a very early period down to the present time, 'that a man shall not be brought in danger of his life or limb for one and the same offense more than once.' It has been said that the test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. The rule not only prohibits a second punishment for the same offense, but it goes further and forbids a second trial for the same offense, whether the accused has suffered punishment or not or in the former trial has been acquitted or convicted.

> "The right not to be put in jeopardy a second time for the same cause is as important as the right of trial by jury and is guarded with as much care. Accordingly there will be found in the Constitution of the United States and in the Constitutions of most of the states a provision that no person shall for the same offense be twice put in jeopardy, which, however, is only a recognition

of the common-law rule. *A plea of former conviction therefore is good under either the Constitution or the common-law.* The legislature cannot, of course deprive citizens of this constitutional right. *The protection thus afforded is not only against the peril of second punishment, but against being again tried for the same offense.* Jeopardy in its constitutional or common-law sense, has a strict application to criminal prosecutions only. The word signifies the danger of conviction and punishment which the defendant in a criminal prosecution incurs when duly put on trial before a court of competent jurisdiction." (My italics).

The Indiana statute with respect to criminal pleading has long provided as follows:

"In all criminal prosecutions, . . . the defendant may plead the general issue orally, which shall be entered on the minutes of the court, and under it, the defendant may show and prove on the trial that he has before had judgment of acquittal, or been convicted or pardoned for the same offense, or any matter of defense except insanity. But defendant may plead specially any matter of defense." Sec. 9-1132, Burns' 1942 Replacement; *Lee* v. *State* (1873), 42 Ind. 152; *Clem* v. *State* (1873), 42 Ind. 420, 428, et seq., *supra.*, 13 Am. Rep. 369; *Wilkinson* v. *State* (1877), 59 Ind. 416, 424, 26 Am. Rep. 84.

It seems perfectly clear that appellant's pleas of former conviction and former jeopardy were proper pleas under the common-law, the Constitutions of the United States and of the state of Indiana, and under the ancient statute of Indiana above quoted. The trial court was without authority to prevent the defendant from filing these pleas. However, it has been held by this court that where a defendant has entered the general plea of not guilty an erroneous ruling of the trial court disallowing a plea for former jeopardy cannot injure him, because under that statute he may

offer the same proof under his plea of not guilty. *Williams* v. *State* (1907), 169 Ind. 384, 385, 82 N. E. 790; *Lucas* v. *State* (1910), 173 Ind. 302, 304, 90 N. E. 305; *Barker* v. *State* (1918), 188 Ind. 263, 266, 120 N. E. 593; *Foran* v. *State* (1924), 195 Ind. 55, 60, 144 N. E. 529; *Cambron* v. *State* (1922), 191 Ind. 431, 435, 133 N. E. 498, 19 A. L. R. 623; *McCoy* v. *State* (1923), 193 Ind. 353, 354, 139 N. E. 587; *Mann* v. *State* (1933), 205 Ind. 491, 497, 186 N. E. 283, 187 N. E. 343; *Kelly* v. *State* (1947), 225 Ind. 577, 578, 580, 75 N. E. 2d 537, 78 N. E. 2d 666; *Holt* v *State* (1945), 223 Ind. 217, 59 N. E. 2d 563; *Marks* v. *State* (1942), 220 Ind. 9, 40 N. E. 2d 108.

Thus it is clear that the trial court committed reversible error in sustaining the state's objections to the offered evidence on the subject of former jeopardy and former conviction, since the plea of not guilty had been entered and the court had wrongfully refused to allow defendant to file his special pleas of former conviction and former jeopardy.

In the instant case all the facts with respect to former conviction and former jeopardy appear in the trial court's record in the case. In such a situation this court has recently held in substance as follows:

> The statute, Sec. 9-1132, Burns' 1942 Replacement with respect to pleas in criminal cases including the plea of former jeopardy and former conviction, does not apply when the facts showing former jeopardy appear of record in the same case. Under such circumstances this question can be raised by a motion to discharge as here attempted by appellant. *Kelly* v. *State* (1947), 225 Ind. 577, 578, 75 N. E. 2d 537, 78 N. E. 2d 666, *supra.*

So it appears quite clear that appellant's written motion for discharge should have been allowed to be

filed and should have been sustained by the trial court. It was reversible error to sustain the state's objection to it. Sustaining the state's objection to the defendant's verified written objection to the swearing of the jury to try the cause was also reversible error since it presented the same situation.

Since this opinion is already very long I shall not discuss two additional points raised by appellant.

The judgment should be reversed.

NOTE.—Reported in 101 N. E. 2d 45.