The State v. The Evansville and Terre Haute Railroad Company.

Filed Oct. 8, 1886.

———————◆———————

No. 12,943.

THE STATE *v.* THE EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY.

CRIMINAL LAW.—*Appeal by State.*—*Motion to Quash.*—*Pendency of Case.*— While a criminal case is still pending on one count of the indictment, the State can not appeal from a ruling quashing another count. Sections 1846 and 1882, R. S. 1881, considered.

From the Knox Circuit Court.

*F. T. Hord*, Attorney General, *W. A. Cullop*, Prosecuting Attorney, *G. W. Shaw*, *C. B. Kessinger* and *J. S. Pritchett*, for the State.

*A. Iglehart*, *J. E. Iglehart* and *E. Taylor*, for appellee.

MITCHELL, J.—The Evansville and Terre Haute Railroad Company, in an information containing two counts, was charged with having violated sections 2142 and 2143, R. S. 1881, which relate to the obstruction of navigable streams.

Pursuant to the provisions of section 1685, R. S. 1881, the railroad company was summoned to answer the information. It appeared by counsel, and moved to quash both counts. The motion was sustained as to the first count, and overruled as to the second. Upon an exception to the ruling of the court in sustaining the motion to quash the first count, the State has appealed, and has assigned this ruling as error.

Whether a trial was had on the second count, or if had, with what result, the record does not disclose. It seems to be conceded in argument that the case is still pending in the court below upon that count.

The question is now made, that until a final judgment is reached, which disposes of the whole case, no appeal lies. Appeals by the State, in criminal cases, are authorized and regulated by sections 1846 and 1882, R. S. 1881.

Under the first mentioned section, the prosecuting attorney may, upon exception, reserve a point of law for the decision of the Supreme Court, and, in case of the acquittal of the defendant, may take the question so reserved to the Supreme Court for decision by appeal within one year. Under the latter section, an appeal may be taken by the State " Upon a judgment for the defendant, on quashing or setting aside an information or indictment," or " Upon an order of the court arresting the judgment," or " Upon a question reserved by the State."

The construction which these sections have received, and the only construction of which they are capable, is, that an appeal can only be taken by the State, upon a question reserved, in case the defendant has been acquitted. *State* v. *Hamilton*, 62 Ind. 409.

The only other instances in which an appeal may be taken by the State are, either when a judgment for the defendant on quashing or setting aside an information or indictment is given, or when, after trial and conviction, a motion in arrest has been sustained by the court.

The judgment for the defendant on a motion to quash the information or indictment, which will authorize an appeal by the State, must be a judgment which finally disposes of the whole case, and not merely a ruling quashing one or more counts of an indictment, leaving other counts upon which the trial may proceed.

Doubtless, a ruling of the court, quashing an indictment or information in part, would be such an opinion of the court given during the prosecution of a cause as might be reserved under section 1846, and from which an appeal could be taken in case of the acquittal of the defendant upon the final trial.

The result of all the decisions is, that it is only from final judgments that appeals can be taken, unless otherwise specially authorized by statute, and it is only after judgment for the defendant, either of final acquittal, or in quashing or setting aside the whole information or indictment, that an appeal may be taken by the State. *State* v. *Spencer*, 92 Ind. 115; *Wingo* v. *State*, 99 Ind. 343.

The case of *State* v. *Swope*, 20 Ind. 106, does not support the argument on behalf of the State here. That case decides nothing more than that the judgment or ruling of the court, that the information be quashed, is a sufficiently formal judgment for the defendant, to authorize an appeal by the State. The reason given there is that it puts an end to the case. This could only be so in case the whole indictment was quashed, as a result of the ruling or judgment of the court.

The appeal is dismissed.

Filed Oct. 9, 1886.