**UNITED STATES of America, Appellee,**

v.

**Albert ANZALONE and Anthony Vivelo, Appellants.**

**Nos. 650, 780, Dockets 76–1458, 76–1461.**

United States Court of Appeals, Second Circuit.

Argued Feb. 7, 1977.

Decided May 6, 1977.

On Rehearing Decided Aug. 8, 1977.

Harvey L. Greenberg, New York City (Michael S. Washor, Brooklyn, N.Y., of counsel), for appellant Anzalone.

Michael P. Direnzo, New York City, for appellant Vivelo.

Ronald E. De Petris, Asst. U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y. (David G. Trager, U. S. Atty., and Bernard J. Fried, Asst. U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., of counsel), for appellee.

Before FEINBERG, GURFEIN and MESKILL, Circuit Judges.

GURFEIN, Circuit Judge:

The United States moves for rehearing. The rehearing is granted and we adhere to

our earlier decision. We affirmed the conviction of each appellant on the false declaration counts and reversed on the convictions for violating the Fair Housing Law, 42 U.S.C. § 3631, following *United States v. Hinton,* 543 F.2d 1002 (2d Cir. 1976). As a result each appellant is under sentence of one year of imprisonment.

The government contends that appellants should not have the benefit of *Hinton* —which held that an indictment by the *same* grand jury that heard *immunized* testimony of a defendant must be dismissed— because appellants failed to move to dismiss the indictment before trial pursuant to Rule 12 of the Rules of Criminal Procedure. *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). We have considered this contention and find it unpersuasive in the circumstances.

As the government concedes, the substance of the argument that proved to be the basis of the *Hinton* rule was made to the trial judge just before trial in the form of a motion for severance, as well as a motion to preclude. The invalidity of the procedure was directly argued before the trial judge and he entertained consideration on the merits. It was put quite clearly by defense counsel:

"What I am suggesting is that there should have been two separate Grand Jury proceedings, so that there would be no prejudicial spillover or taint."

The Court:

"I understand that would seem to be one logical antidote or solution, but, nevertheless, it does raise the question of whether a Grand Jury simply because certain witnesses have been brought before it, now may not be—charge them for the crimes but only for the crime of perjury. And that doesn't strike me as having been the intent of Congress by any means but I am not prepared to expound on that. I think *I will consider the matter* but based on what I have seen of these transcripts, I don't think any hearing is necessary here. To me it's largely

a legal question." (App. Appendix A 88) (emphasis added).

This colloquy occurred at the conclusion of the argument made on the day the case was called for trial, May 3, 1976, before a jury was impanelled. Therefore, had there been severance, for which there was time, there could have been a proper reindictment, after *Hinton* came down. This squares with the rationale of *Davis v. United States, supra. Hinton* was decided September 27, 1976. We think that the government's contention that the substance of the *Hinton* argument was called to the court's attention too late is hypertechnical. We do not find waiver here. In *Hinton* the motion to dismiss the indictment was made "at trial," 543 F.2d at 1007. The *Hinton* court concluded "that the procedure the Government adopted here falls outside the bounds of permissible prosecutorial conduct." We recognize that the Assistant U. S. Attorney in our case was conscious of the problem and that he told the Grand Jury "if [the witness] testifies under use immunity, you should not use his testimony against him when you consider and vote on a bill, an indictment alleging a civil rights violation." This, however, is precisely what the *Hinton* court held was not sufficient and that is the law of the Circuit.

The government contends that since the *Hinton* decision came down after this indictment the rule of that case should not be applied retroactively. We think that since the vice here was similar to that in *Hinton* we are not merely applying a retroactive rule, but rather are applying the same logic to a similar state of facts, as we might well have done if *Hinton* had never been decided. We are particularly sorry to reverse a conviction for so despicable a crime, but the defect was called to the court's attention when it still would have been curable by a proper reindictment.[1]

---

1. Appellant Anzalone also petitions for rehearing of that portion of the panel opinion affirming his conviction under 18 U.S.C. § 1623. The petition is denied.