**UNITED STATES of America, Plaintiff,**

v.

**Al BLOOM, Defendant.**

**No. 83–0742–CR–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

June 22, 1984.

Marcella Cohen, Miami, Fla., for plaintiff.

John Weston, Beverly Hills, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

SPELLMAN, District Judge.

This Cause is before the Court upon the motion of the defendant Al Bloom to dismiss this indictment, which was returned by Grand Jury 82–9(MIA), which heard testimony from Bloom on July 6, 1983, under compulsion by a grant of immunity pursuant to 18 U.S.C. 6002.

Essentially, Bloom contends that the return of this indictment by a grand jury which heard his compelled testimony denies him fundamental due process and abridges his privilege against self incrimination.

The issues raised by this motion have been exhaustively briefed by both the defendant and the government. In addition to its brief filed as public record, the government filed a more comprehensive brief *in camera,* attaching grand jury transcripts. Finally, a United States Magistrate has filed a report recommending dismissal of the indictment.

Upon careful independent review of all relevant documents this Court adopts the recommendation of the Magistrate.

This situation arose because the prosecutor decided to use Bloom as an immunized witness before carefully reviewing her records of the case and subsequently changed her mind upon deciding that he was more heavily involved than she had remembered.

Instead, of seeking his indictment before a different grand jury, the prosecutor attempted to remedy the obvious taint by a curative instruction.

Had the indictment been returned by a separate grand jury this Court would hold an evidentiary hearing to determine whether the government could establish that the indictment resulted from sources independent of Bloom's compelled testimony, pursuant to *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). In this case, however, the Court is persuaded by the reasoning of *United States v. Hinton*, 543 F.2d 1002 (2 Cir. 1976), *cert. denied*, 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976), that this indictment must be dismissed as a matter of fundamental fairness. The cautionary instructions given to the grand jury in this case were less than they might have been. Moreover, it is unlikely that any cautionary instruction could have sufficed to vitiate the taint of the compelled testimony. *United States v. Anzalone*, 560 F.2d 492 (2 Cir.1977).

The circumstances of this case are particularly egregious, because Al Bloom testified under a grant of immunity not only before the Miami grand jury, but also, long before, on February 16, 1978, before a grand jury in the Northern District of Illinois. The earlier testimony was given pursuant to a letter from an Assistant United States Attorney to Bloom's lawyer, purporting to grant immunity co-extensive with that provided by 18 U.S.C. § 6002. Since the Illinois testimony involved matters of relevance to the Miami indictment, the government would have to bear the burden of a *Kastigar* taint hearing even if it had presented its evidence to a Miami grand jury different from the one which heard Bloom's testimony. Because this

Court holds as a matter of fact and law that this indictment deprives Bloom of fundamental due process and abridges his privilege against compelled self incrimination, the Illinois testimony need not be considered further at this time.

For these reasons, it is

ORDERED AND ADJUDGED that this indictment is dismissed as to the defendant Al Bloom.