**STATE of Indiana, Appellant–Defendant,**

v.

**Miguel CAMPOS III, Appellee–Plaintiff.**

**No. 23A01–0509–CR–417.**

Court of Appeals of Indiana.

April 18, 2006.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellant.

Kimberly A. Jackson, Indianapolis, for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

The State appeals the trial court's dismissal of Count I of the information filed against Miguel.Campos III:

We dismiss the appeal.

### ISSUES

The State raises one issue:

1. Whether the trial court erred in dismissing Count I of the information.

Campos challenges the State's issue and raises the following dispositive issue:

2. Whether the State's appeal should be dismissed.

### FACTS

On September 11, 2003, the State filed a petition alleging Campos to be a delinquent child for committing neglect of a dependent,[1] as a class C felony, and two counts of battery,[2] as class A misdemeanors, had those crimes been committed as an adult. Following a hearing, the juvenile court waived its jurisdiction. The State then filed a new information, charging Campos with Count I, neglect of a dependent, as a class C felony; Count II, battery, as a class A misdemeanor; and Count III, battery, as a class A misdemeanor.

1. Ind.Code § 35-46-1-4.

2. I.C. § 35-42-2-1.

On April 29, 2004, Campos filed a motion to dismiss Count I, asserting that he "[did] not have the care of a dependent either assumed voluntarily, or because of a legal obligation." (State's App. 21). Campos further asserted that "it would be a legal impossibility for [Campos] to be responsible for the care of a dependent ... based upon his unemancipation, being a minor himself ...." (State's App. 21).[3]

Following a hearing, the trial court entered an order on April 25, 2005, dismissing Count I of the information. On May 23, 2005, the State filed a motion with the trial court, requesting that it certify its order to allow an immediate appeal pursuant to "[Indiana Code section] 35-38-4-2-(6)." (Campos' App. 17). Also on May 23, 2005, the State filed a notice of appeal pursuant to "[Indiana Code section] 35-38-4-2(1)." (State's App. 30).

On May 27, 2005, the trial court certified its interlocutory order to allow an immediate appeal. On June 27, 2005, the State filed a motion requesting that this Court accept jurisdiction over the interlocutory appeal. On August 9, 2005, this Court declined to accept jurisdiction.

Pursuant to the notice of appeal filed on May 23, 2005, the State now appeals the dismissal of Count I.

### DECISION

Campos asserts the State's appeal should be dismissed. We agree.

The State previously sought an interlocutory appeal, which this Court denied. The State now attempts to circumvent our decision by appealing under Indiana Code section 35-38-4-2(1), which provides that

3. Campos was seventeen years-old when the alleged offenses took place.

"[a]ppeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state ... [f]rom an order granting a motion to dismiss an indictment or information." The State, however, wants to appeal an order dismissing only one count of the information. Indiana Code section 35-38-4-2(1) does not provide for such an appeal.[4] *See State v. Evansville & T.H.R. Co.*, 107 Ind. 581, 8 N.E. 619, 620 (1886) (A motion to dismiss an information, "which will authorize an appeal by the state, must be a judgment which finally disposes of the whole case, and not merely a ruling ... leaving other counts upon which the trial may proceed"). Thus, the State cannot now appeal the dismissal of Count I. *See State v. Aynes*, 715 N.E.2d 945, 948 (Ind.Ct.App.1999) ("The right of the State to appeal in a criminal action is statutory and, unless there is a specific grant of authority by the legislature, the State cannot appeal."). Accordingly, we dismiss this appeal.

Appeal dismissed.

KIRSCH, C.J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

I respectfully dissent.

The order of dismissal dismissed only Count I, the C felony charge. The State was left to proceed only as to the two Class A misdemeanors. The State did not proceed upon those lesser charges nor did it dismiss them. It was not required to do so.

In my view, this court erred in rejecting the interlocutory appeal from the dismissal of the C felony because that issue is and was not thereafter available for review un-less the State dismissed the misdemeanor charges.

I would consider the instant appeal as an appropriate appeal from the dismissal.

wherein we granted the State's interlocutory appeal.

---

4. We find this case distinguishable from *State v. Peters*, 637 N.E.2d 145 (Ind.Ct.App.1994),