#29275, #29276, #29277-dismiss-JMK
**2020 S.D. 36**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellant,

    v.

JARED STEFFENSEN,

TAMI STEFFENSEN,

JOANN M. STEFFENSEN,                      Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
KINGSBURY COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE KENT SHELTON
Judge

* * * *

JASON R. RAVSNBORG
Attorney General

MATTHEW W. TEMPLAR
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff and
                                          appellant.


* * * *

                                          CONSIDERED ON BRIEFS
                                          APRIL 30, 2020
                                          OPINION FILED **06/24/20**

PAUL H. LINDE of
Schaffer Law Office
Sioux Falls, South Dakota

Attorneys for defendant
and appellee, Jared Steffensen,
#29275.


MICHAEL J. BUTLER
Sioux Falls, South Dakota

Attorney for defendant and
appellee, Tami Steffensen,
#29276.


JEFFREY M. BANKS of
Blue Haeder & Banks
Huron, South Dakota

Attorneys for defendant and
appellee, Joann M. Steffensen,
#29277.

#29275, #29276, #29277

KERN, Justice

[¶1.]     The State filed a separate notice of appeal as to each of three jointly indicted defendants from a trial court order dismissing certain counts of the indictment against them. We consolidate the three appeals for disposition in this decision. Because the State has no right of appeal from the dismissal of *counts* of an indictment or information, the appeals are dismissed.

**Facts and Procedural History**

[¶2.]     In 2018, the three defendants were jointly indicted in Kingsbury County on twenty-two counts of violation of financial reporting requirements for grain buyers and theft. Count one alleged that the defendants conspired to fail to notify the Public Utilities Commission (PUC) of their grain company's financial status and caused financial harm in violation of SDCL 49-45-25 and SDCL 49-45-27.[1] Counts two through sixteen charged fifteen more counts of violation of the same statutes, one for each of the fifteen grain suppliers allegedly suffering

---

1.     SDCL 49-45-25 provides in relevant part:

> If at any time during the licensing period a grain buyer becomes aware that the grain buyer is not in compliance with each financial standard, as set forth in the [PUC's] rules, the grain buyer shall immediately notify the [PUC] of the grain buyer's financial condition. . . . A willful violation of this section that results in a financial loss to a grain supplier is a Class 6 felony.

SDCL 49-45-27 provides:

> The owner, manager, or chief executive officer of a grain buyer, or any other person in a managerial position, who is responsible for any violation of this chapter by a grain buyer is subject to any criminal penalty that applies to a grain buyer under the provisions of this chapter.

-1-

financial loss as a result of the defendants' failure to notify. Counts seventeen through twenty-two charged some of the defendants with theft, but those counts are not at issue here.

[¶3.] The defendants moved to dismiss counts two through sixteen of the joint indictment on the grounds of multiplicity, claiming that the State "splintered" a single offense into fifteen separate counts. The trial court granted the motion as to counts three through sixteen, leaving some counts of the joint indictment for further proceedings against each defendant.[2] The State appealed, filing a separate notice of appeal as to each defendant. This Court issued an order to show cause as to why the appeals should not be dismissed "on the grounds that no appeal of right exists from the orders sought to be appealed . . . ."[3] The State and the defendants timely responded to this Court's order, and having considered their responses and the applicable authorities, we dismiss the appeals.

## Analysis

[¶4.] The parties dispute whether the State has the statutory right to appeal from the dismissal of certain counts in an indictment. SDCL 23A-32-4 provides in relevant part:

---

2. We do not address the propriety of the trial court's action in this decision.

3. We take notice of issues involving our jurisdiction sua sponte. *People, ex rel., South Dakota Dept. of Social Services, in interest of L.R.*, 2014 S.D. 95, ¶ 5, 857 N.W.2d 886, 887 ("It is the rule in this state that jurisdiction must affirmatively appear from the record and this Court is required *sua sponte* to take note of jurisdictional deficiencies, whether presented by the parties or not." (quoting *State v. Phipps*, 406 N.W.2d 146, 148 (S.D. 1987))). "[A] court always has jurisdiction to determine its own jurisdiction . . . ." *Rosado v. Wyman*, 397 U.S. 397, 403 n.3, 90 S. Ct. 1207, 1213 n.3, 25 L. Ed. 2d 442 (1970).

> An appeal by a prosecuting attorney in a criminal case may be taken to the Supreme Court, as a matter of right, from a judgment, or order of a circuit court . . . sustaining a motion to dismiss an indictment or information on statutory grounds or otherwise . . . .

Notably absent in this language is a right of appeal from the dismissal of *counts* of an indictment or information rather than from the dismissal of the whole document.

[¶5.] This Court has previously held that the State's right of appeal in a criminal action is strictly governed by the language of the applicable statute. In *State v. Nuwi Nini*, we examined the forerunner of SDCL 23A-32-4 noting that we are "obligated to apply the statute as it is written and must leave to the legislature the question of whether the right of the State to appeal in a criminal action should be further expanded." 262 N.W.2d 758, 761 (S.D. 1978). The Court further emphasized the limited right of appeal granted to the State concluding that "[t]he contention of the State that this case should be appealable cannot stand in the face of the unambiguous statutes involved." *Id.*

[¶6.] It is evident that some states permit a statutory right of appeal from the dismissal of *counts* of an indictment or information. *See, e.g.*, *State v. O'Boyle*, 356 N.W.2d 122, 123 (N.D. 1984) ("An appeal may be taken by the state from . . . [a]n order quashing an information or indictment *or any count thereof*." (emphasis added) (quoting N.D. Cent. Code § 29-28-07(1))); *People v. Alice*, 161 P.3d 163, 165 (Cal. 2007) ("An appeal may be taken by the people from . . . [a]n order setting aside all *or any portion of* the indictment, information, or complaint." (emphasis added) (quoting Cal. Penal Code § 1238(a)(1))); *State v. Rosseau*, 396 S.W.3d 550, 555 (Tex. Crim. App. 2013) (referring to a statute authorizing "the State to appeal any trial

-3-

court order that 'dismisses . . . *any portion* of an indictment, information, or complaint.'" (emphasis added) (quoting Tex. Code Crim. Proc. Ann. art. 44.01(a)(1))).

[¶7.] However, in contrast with jurisdictions such as those above, our Legislature has not granted the State a right of appeal from the dismissal of counts or parts of an indictment, information, or complaint. It is not alone in this regard. In *State v. Campos*, 845 N.E.2d 1074, 1076 (Ind. Ct. App. 2006), the State of Indiana attempted to appeal the trial court's dismissal of the first count of a three-count information under a statute that, at that time, granted the state a right of appeal "from an order granting a motion to dismiss an indictment or information." *Id.* at 1076 (quoting Ind. Code § 35-38-4-2(1)).[4] Observing that the statute did not "provide for such an appeal[,]" the court of appeals dismissed it. *Id.* In its brief analysis, the court noted prior caselaw requiring a judgment finally disposing "of the whole case, and not merely a ruling . . . leaving other counts upon which the trial may proceed." *Id.* (quoting *State v. Evansville & T.H.R. Co.*, 8 N.E. 619, 620 (Ind. 1886)). In addition, the court noted that the state's right "to appeal in a criminal action is statutory and, unless there is a specific grant of authority by the legislature, the State cannot appeal." *Id.* (quoting *State v. Aynes*, 715 N.E.2d 945, 948 (Ind. Ct. App. 1999)). The latter principle is consistent with this Court's holding in *Nuwi Nini*. 262 N.W.2d at 761.

---

4. The Indiana statute was amended after *Campos* to grant the state a right of appeal "[f]rom an order granting a motion to dismiss one (1) or more counts of an indictment or information." 2015 Ind. Legis. Serv. P.L. 110-2015, Sec. 2 (S.E.A. 261) (West).

[¶8.]       The State's response to this Court's order to show cause cites a number of federal cases, including United States Supreme Court decisions on double jeopardy. Those decisions, however, address the anticipated consequences of an adverse decision and not the primary question of this Court's appellate jurisdiction under SDCL 23A-32-4. The State appears to argue that, because double jeopardy could preclude it from further prosecution of the dismissed counts, it *must* be entitled to review of the dismissals. We are not necessarily convinced the State faces an inevitable double jeopardy bar, but even if it did, that fact cannot serve as a basis for creating a statutory basis for appeal where none exists.[5]

[¶9.]       *Sanabria v. United States*, 437 U.S. 54, 77-78, 98 S. Ct. 2170, 2186, 57 L. Ed. 2d 43 (1978), cited by the State, recognizes a point similar to one noted in *Nuwi Nini* that: "Neither 18 U.S.C. § 3731 (1976 ed.) nor the Double Jeopardy Clause permits the Government to obtain relief from all of the adverse rulings— most of which result from defense motions—that lead to the termination of a criminal trial in the defendant's favor." 18 U.S.C. § 3731 is the federal "jurisdictional statute" addressing the Government's right of appeal from dismissal

---

5.     *Campos* also indirectly addresses the State's denial of review argument. The facts of that case reveal that the State of Indiana filed *both* a motion for interlocutory appeal of the dismissal of the contested count *and* a notice of appeal. *Campos*, 845 N.E.2d at 1075. The State here might also have sought a discretionary appeal of the dismissal of the contested counts under SDCL 23A-32-12, but instead attempts to appeal as a matter of right under SDCL 23A-32-4.

orders.[6] *Sanabria*, 437 U.S. at 61, 98 S. Ct. at 2177. Unlike SDCL 23A-32-4, it grants the Government a right of appeal "from orders 'dismissing an indictment . . . *as to any one or more counts.*'" *Id.* (emphasis added) (quoting 18 U.S.C. § 3731 (1976 ed.)). Therefore, the federal authorities cited by the State are inapposite because these cases highlight the distinction between the applicable federal statute and SDCL 23A-32-4.

[¶10.] Because SDCL 23A-32-4 does not authorize an appeal of right from a dismissal of individual counts, the State's appeals must be dismissed because this Court lacks jurisdiction to hear them. *See State v. Brassfield*, 2000 S.D. 110, ¶ 5, 615 N.W.2d 628, 629 ("an attempted appeal from an order from which no appeal lies is a nullity and confers no jurisdiction on this court, except to dismiss it." (quoting *Phipps*, 406 N.W.2d at 148)).

[¶11.] GILBERTSON, Chief Justice, and JENSEN, SALTER, and DEVANEY, Justices, concur.

---

6.      18 U.S.C. § 3731 currently provides in relevant part:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.